1  **WEILAND, GOLDEN,**
   **SMILEY, WANG EKVALL & STROK, LLP**
2  Evan D. Smiley, State Bar No. 161812
   esmiley@wgllp.com
3  Hutchison B. Meltzer, State Bar No. 217166
   hmeltzer@wgllp.com
4  Robert S. Marticello, State Bar No. 244256
   rmarticello@wgllp.com
5  650 Town Center Drive, Suite 950
   Costa Mesa, CA 92626
6  Telephone:   (714) 966-1000
   Facsimile:   (714) 966-1002
7
8  Attorneys for Alfred H. Siegel,
   Chapter 11 Trustee

9  ## UNITED STATES BANKRUPTCY COURT

10 ## CENTRAL DISTRICT OF CALIFORNIA

11 ## SANTA ANA DIVISION

12 In re                                          Case No. 8:08-bk-15588-ES

13 LBREP/L-Sun Cal Master I LLC, et al.,          Chapter 11

14              Debtor.                           (Jointly Administered with Case Nos.
                                                  8:08-bk-15637-ES; 8:08-bk-15639-ES; and
15 _____                                         8:08-bk-15640-ES)

16 _____  Affects LBREP/L-SunCal Master I        **FIRST AMENDED CHAPTER 11 PLAN**
           LLC, Only                              **(DATED JANUARY 7, 2011)**
17 _____  Affects LBREP/L-SunCal McAllister
           Ranch LLC, Only                        Plan Confirmation Hearing
18                                                DATE:     April 1, 2011, and April 8, 2011
   _____  Affects LBREP/L-SunCal                 TIME:     10:00 a.m.
19         McSweeny Farms LLC, Only               PLACE:    Courtroom 5A
                                                            411 W. Fourth St.
20 _____  Affects LBREP/L-SunCal                           Santa Ana, CA 92701
           Summerwind Ranch LLC, Only
21
22   X     Affects All Debtors.

23

24

25

26

27

28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................ 1

II.  THE PLAN ....................................................................................................... 2

    A.   The Plan is a Liquidating Plan............................................................... 2

    B.   The Plan Treats Claims Against All Estates........................................... 3

    C.   What Creditors and Interest Holders Will Receive Under the
        Proposed Plan ...................................................................................... 4

    D.   Unclassified Claims............................................................................... 4

        1.   Administrative Expenses ............................................................. 4

            a.   Ordinary Course Administrative Claims ............................. 7

            b.   Non-Ordinary-Course Administrative Claims ...................... 7

            c.   Professional-Fee Claims .................................................... 8

        2.   Priority Tax Claims ..................................................................... 8

    E.   Classified Claims .................................................................................. 9

        1.   Summary of Classes .................................................................. 9

        2.   Secured Claims ......................................................................... 9

            a.   Secured Claim of the 1st Lien Lenders............................. 10

            b.   Secured Claims Other Than the Secured Claim
                of the 1st Lien Lenders ................................................. 14

        3.   Classes of Priority Unsecured Claims ......................................... 17

        4.   Classes of Unsecured Claims ..................................................... 18

            a.   Unsecured Deficiency Claim of the 1st Lien
                Lenders ......................................................................... 18

            b.   Unsecured Claims Other Than the Unsecured
                Deficiency Claim of the 1st Lien Lenders ............................ 20

        5.   Class of Interest Holders ............................................................. 22

III. MEANS OF EFFECTUATING THE PLAN ......................................................... 22

    A.   The Sale of the Properties .................................................................... 22

        1.   The Auction ................................................................................ 22

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

## TABLE OF CONTENTS (cont.)

**Page**

2. The Transfer of Title .................................................................. 23

3. The Surety Bonds ..................................................................... 23

B. The Funding of the Plan ............................................................... 24

C. Transfer of Estate Assets ............................................................. 24

D. Dissolution of the Debtors ............................................................ 24

E. Liquidating Trust ........................................................................ 25

1. Establishment of the Liquidating Trust ........................................ 25

2. Trust Distributions ................................................................. 25

3. Duration of the Trust.............................................................. 25

4. Liquidation of Avoidance Actions and Actions ............................... 26

5. Liquidating Trustee ................................................................ 26

   a. Appointment ................................................................ 26

   b. Term ......................................................................... 26

   c. Powers and Duties ........................................................ 26

   d. Retention of Professionals and Compensation Procedure ........................................................... 29

   e. Fees and Expenses ....................................................... 29

   f. Limitation of Liability and Indemnification ............................ 30

   g. Liquidating Trustee as Successor...................................... 31

   h. Compromising Claims .................................................... 31

   i. Vesting of Assets ......................................................... 31

6. Liquidating Trustee as Disbursing Agent...................................... 31

7. Bond.................................................................................. 31

8. Federal Income and Taxation of the Liquidating Trust .................. 32

9. Beneficiaries........................................................................ 32

F. Release of Liens ....................................................................... 33

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## TABLE OF CONTENTS (cont.)

**Page**

    G.    Changes in Rates Subject to Regulatory Commission Approval.............. 33

    H.    Exemption from Transfer Taxes ............................................................... 33

IV.    DISTRIBUTIONS .............................................................................................. 34

    A.    Dates of Distributions ............................................................................. 34

    B.    Manner of Distribution ............................................................................ 34

    C.    Delivery of Distributions in General ........................................................ 34

    D.    Rounding of Payments ........................................................................... 35

    E.    Interest on Claims .................................................................................. 35

    F.    Compliance with Tax Requirements ....................................................... 35

    G.    De Minimis Distributions ........................................................................ 36

    H.    Setoffs ................................................................................................... 37

    I.    Limitation on Liability ............................................................................. 37

V.    CLAIM OBJECTIONS AND DISPUTED CLAIMS ........................................... 37

    A.    Standing ................................................................................................. 37

    B.    Claims Objection Deadline ..................................................................... 38

    C.    No Distribution Pending Allowance ........................................................ 38

    D.    Reserves for Disputed Claims ............................................................... 38

VI.    MECHANIC'S LIENS ....................................................................................... 39

VII.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES ................................ 40

    A.    Assumption and Assignment .................................................................. 40

    B.    Rejections .............................................................................................. 43

VIII.    PRESERVATION OF CAUSES OF ACTION AND AVOIDANCE ACTIONS ........................................................................................................ 44

IX.    RETENTION OF JURISDICTION ................................................................... 45

X.    EFFECT OF CONFIRMATION ....................................................................... 46

    A.    Discharge ............................................................................................... 46

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

## TABLE OF CONTENTS (cont.)

Page

B.    Revesting of the Assets ................................................................ 47

C.    Dissolution of the Committee ........................................................ 47

D.    Exculpation and Releases ............................................................ 47

E.    Modification of the Plan ................................................................ 48

F.    Post-Confirmation Status Report .................................................. 48

G.    Quarterly Fees ............................................................................. 48

H.    Post-Confirmation Conversion/Dismissal ..................................... 48

I.    Final Decree................................................................................. 49

TABLE............................................................................................... 50

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

## I.    **INTRODUCTION**

On September 10 and 11, 2008 (the "Petition Dates"), involuntary chapter 11 petitions were filed under the United States Bankruptcy Code (the "Bankruptcy Code" or "Code"), 11 U.S.C. §§ 101 *et seq.*, against LBREP/L-SunCal Master I LLC (the "Parent Debtor"), and LBREP/L-SunCal McAllister Ranch LLC, LBREP/L-SunCal McSweeny Farms LLC, and LBREP/L-SunCal Summerwind Ranch LLC (collectively, the "Subsidiary Debtors," and together with the Parent Debtor, the "Debtors"), commencing the above-captioned chapter 11 cases (collectively, the "Cases") before the United States Bankruptcy Court for the Central District of California (the "Court").  On October 30, 2008, the Court entered an order for relief in each of the Cases (collectively, the "Orders for Relief") and an order approving the appointment of Alfred H. Siegel (the "Trustee") as the chapter 11 trustee of the Cases.  The Cases are being jointly administered pursuant to an order of this Court entered on November 13, 2008.

The Trustee's First Amended Chapter 11 Plan (the "Plan") is a liquidating plan. The Plan incorporates the terms of a settlement reached and approved by the Court between the Trustee, the Official Committee of Unsecured Creditors (the "Committee"), and Lehman Commercial Paper Inc. ("LCPI"), in its individual capacity and as administrative agent for the first-position secured lenders (the "1st Lien Lenders"), on the terms and conditions set forth in the amended and restated term sheet attached hereto as Exhibit "1" (the "Amended Term Sheet").  As described in further detail below, the Trustee intends to accomplish payments under the Plan through the sale of the Subsidiary Debtors' real property development projects (each, a "Property" and collectively, the "Properties") and/or the pursuit of Causes of Action[1] held by the Debtors' bankruptcy estates (each, an "Estate" and collectively, the "Estates") against third parties.  The primary source of potential recoveries for creditors under the Plan will be the Estates'

---

[1]    Any capitalized terms not defined in the text of this Plan are defined in the Table of Definitions found at the end of the Plan.

Welland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1  Causes of Action.  Moreover, as discussed in further detail below, while the Trustee is <u>not</u>

2  requesting the substantive consolidation of the Estates, any Distributions of Available

3  Cash to General Unsecured Creditors with respect to each of the Estates will be made on

4  a consolidated basis.  The Effective Date of the Plan will be the first Business Day that is

5  fourteen (14) days after the entry of an order confirming the Plan (the "<u>Confirmation</u>

6  <u>Order</u>"), provided there has been no order staying the effectiveness of the Confirmation

7  Order.

8       Sent to you in the same envelope as this document is the Disclosure Statement

9  which has been approved by the Court and which is provided to help you understand the

10  Plan.  Also accompanying this document is a letter from the Committee in support of the

11  Plan and recommending that creditors vote to accept the Plan.

12  II.  **THE PLAN**

13      A.  **The Plan is a Liquidating Plan**

14       The goal of the Plan is to liquidate the real property and other assets of the

15  Debtors' Estates, including Causes of Action held by the Estates, and to distribute any

16  resulting net proceeds.  Under the Plan, the Properties will be sold to the 1st Lien Lenders

17  on account of the 1st Lien Lenders' Allowed Secured Claim and/or to one or more third

18  parties in accordance with bidding procedures approved by the Court.  All other assets of

19  the Debtors' Estates will be transferred to the liquidating trust (the "<u>Liquidating Trust</u>")

20  established on the Effective Date of the Plan.  Any and all Avoidance Actions and other

21  Causes of Action of the Estates are reserved under the Plan and will be transferred to the

22  Liquidating Trust, and the Liquidating Trustee will be vested with standing to pursue such

23  Avoidance Actions and Causes of Action.  Generally speaking, under the Plan,

24  Distributions can be made from the following three potential sources of Cash: (1) any

25  remaining Cash set aside for the administration of the Debtors' cases and other purposes;

26  (2) the Estates' share of any proceeds from the sale or other disposition of the Properties;

27  and (3) any net recoveries from any Avoidance Actions or other Causes of Action

28  asserted by the Estates against third parties.  The foregoing sources of Cash will be paid

1  to and administered and distributed by the Liquidating Trustee.  The primary potential

2  source of repayment for Unsecured Trade Creditors will be any net proceeds from

3  litigation.

4      **B.**    **The Plan Treats Claims Against All Estates**

5      The Plan provides treatment for the Claims against each of the Debtors' Estates.

6  The Plan does not provide for the substantive consolidation of the Estates.  Rather, the

7  Plan contains essentially four (4) separate chapter 11 plans, one plan for each Debtor.

8  The Trustee is submitting one plan and disclosure statement to simplify drafting and to

9  avoid duplicative costs relating to the preparation and distribution of multiple plans and

10  disclosure statements.  Many of the procedural provisions and the treatment provided for

11  each Class of Claims of a similar priority in each Estate is the same.  Moreover, the Lien

12  Lenders assert their respective Claims against each Debtor for the full amount owed, and

13  the Allowed General Unsecured Trade Claims against each Estate will receive periodic

14  Distributions from any Available Cash <u>on a consolidated basis</u>.  However, for voting

15  purposes, each Holder of a Claim in a Class will vote its Claim in such Class by individual

16  Debtor.  The classification scheme set forth below applies to each Debtor, but to the

17  extent there are no Claims in a certain Class against a particular Debtor, that Class will be

18  deemed not to exist for any purpose whatsoever as to that Debtor.  Creditors asserting the

19  same Claim against more than one Estate or Debtor will receive only one satisfaction of

20  such Claim.[2]

21      Unless otherwise expressly stated in the Plan, the treatment of Allowed Claims and

22  Allowed Interests under the Plan supersedes any agreements or rights the Holders of

23  those Claims or Interests may have in or against the Debtors or their assets and is in full

24  satisfaction of the legal, equitable, and contractual rights of the Holders of the Claims or

25  Interests.  Unless the Plan provides otherwise, no Distributions will be made and no rights

26  _____

27      [2]   For example, if a creditor asserts the same Claim in the amount of $1,000.00 for services rendered to the McAllister Ranch Property against both McAllister Ranch and the Parent Debtor, the creditor will be paid only $1,000.00 on account of such Claim, if allowed.

28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    retained on account of any Claim or Interest that has not become an Allowed Claim or

2    Allowed Interest.

3    **C.      What Creditors and Interest Holders Will Receive Under the**

4    **Proposed Plan**

5        As required by the Bankruptcy Code, the Plan classifies Claims and Interests in

6    various Classes according to their right to priority.  The Plan states whether each Class of

7    Claims or Interests is impaired or unimpaired.  The Plan provides the treatment each

8    Class will receive.  In no event shall any creditor receive more than the creditor's Allowed

9    Claim, plus interest, to the extent provided herein.

10    **D.      Unclassified Claims**

11        Certain types of Claims are not placed into voting classes but are instead

12    unclassified.  They are not considered impaired and they do not vote on the Plan because

13    they are automatically entitled to certain treatment under the Bankruptcy Code.

14    Accordingly, the following Claims have not been placed into a Class:

15    **1.      Administrative Expenses**

16        Administrative Expenses Claims are Claims for costs or expenses of administering

17    the Debtors' Cases which are allowed under § 507(a)(2) of the Bankruptcy Code.  The

18    Bankruptcy Code requires that all Allowed Administrative Claims be paid on the Effective

19    Date of the Plan, unless a particular claimant agrees to a different treatment.  The

20    following charts list all of the Debtors' § 507(a)(2) unpaid Administrative Claims and their

21    treatment under the Plan:

| Non-Professional Administrative Claims | | |
|---|---|---|
| Description | Estimated Amount Owed | Treatment |
| Ordinary-Course Administrative Claims | $0.00 | Unless the Trustee or the Liquidating Trustee object to an Ordinary-Course Administrative Claim, the Claim will be Allowed in accordance with the terms and conditions of the particular transaction that gave rise to the Ordinary-Course Administrative Claim, and the Person holding the Ordinary-Course Administrative Claim need not |

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

| Non-Professional Administrative Claims | | |
|---|---|---|
| Description | Estimated Amount Owed | Treatment |
| | | File any Request for Payment of its Claim. |
| Gramercy's Non-Ordinary Course Administrative Claim for the payment of the allowed fees and expenses of the Trustee and the Trustee's professionals pursuant to the Gramercy Stipulation | To be determined | Paid in full by the Trustee or the Liquidating Trustee on the later of (i) the Effective Date, and (ii) the date that is ten (10) Business Days after the Court enters a Final Order allowing Gramercy's Non-Ordinary-Course Administrative Claim. |
| Other Non-Ordinary Course Administrative Claims | $0.00 | To the extent that any Non-Ordinary-Course Administrative Claims are Allowed, they will be paid in full by the Trustee or the Liquidating Trustee on the later of (i) the Effective Date, and (ii) the date that is ten (10) Business Days after the Court enters a Final Order allowing the Non-Ordinary-Course Administrative Claim. |
| Clerk's Office Fees | $0.00 | Paid in full on or before the Effective Date. |
| Office of the United States Trustee Fees | $0.00 | Paid in full on or before the Effective Date. |
| Administrative Tax Claims | $0.00 | Unless the Trustee or the Liquidating Trustee objects to an Administrative Tax Claim or otherwise disputes the Administrative Tax Claim in accordance with applicable law, the Claim will be Allowed in accordance with the terms and conditions of the particular transaction that gave rise to the Administrative Tax Claim, and the Person holding the Administrative Tax Claim need not file any Request for Payment of its Claim.

Any Administrative Tax Claim asserted by the County of Riverside will be paid in the ordinary course of business, currently and timely as they are incurred and billed, unless the Trustee or the Liquidating Trustee objects to or otherwise disputes such Administrative Tax Claim in accordance with applicable law.  In an event of default, and to the extent such Administrative Tax Claim is also secured, the payment thereof will |

Welland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

554636.1

FIRST AMENDED PLAN

| Non-Professional Administrative Claims | | |
|---|---|---|
| Description | Estimated Amount Owed | Treatment |
| | | include all costs, fees, charges and interest, if applicable, as required under 11 U.S.C. §§ 506(b) and 511, and applicable non-bankruptcy law. |
| Total | $0.00 | |

| Professional-Fee Claims | | |
|---|---|---|
| Description | Estimated Amount Owed | Treatment |
| Alfred H. Siegel | $535,000.00 | Paid in full on the later of (i) the Effective Date, and (ii) the date that is ten (10) Business Days after the Court enters a Final Order allowing the Professional-Fee Claim. |
| Weiland Golden | $1,300,000.00 | Paid in full on the later of (i) the Effective Date, and (ii) the date that is ten (10) Business Days after the Court enters a Final Order allowing the Professional-Fee Claim. |
| Levene Neale | $800,000.00 | Paid in full on the later of (i) the Effective Date, and (ii) the date that is ten (10) Business Days after the Court enters a Final Order allowing the Professional-Fee Claim. |
| Crowe Horwath | $230,000.00 | Paid in full on the later of (i) the Effective Date, and (ii) the date that is ten (10) Business Days after the Court enters a Final Order allowing the Professional-Fee Claim. |
| Sills Cummis | $75,000.00 | Paid in full on the later of (i) the Effective Date, and (ii) the date that is ten (10) Business Days after the Court enters a Final Order allowing the Professional-Fee Claim. |
| Total | $2,940,000.00[3] | |

[3] The estimate of Professional-Fee Claims is only an estimate and will change based upon the services required during these Cases and upon what the Court ultimately awards to professionals. The Estates remain liable for all allowed fees and costs regardless of the estimates.

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1    The following applies to Administrative Claims asserted in each Estate:

2                    a.    Ordinary Course Administrative Claims

3    Unless the Liquidating Trustee or other party-in-interest objects to an Ordinary-

4    Course Administrative Claim, the Claim will be deemed Allowed in accordance with the

5    terms and conditions of the particular transaction that gave rise to the Ordinary-Course

6    Administrative Claim, and the Person holding the Ordinary-Course Administrative Claim

7    need not File any Request for Payment of its Claim.  However, any Request for Payment,

8    or Motion to allow a Claim as an Ordinary-Course Administrative Claim must be Filed with

9    the Court and served on counsel for the Trustee or the Liquidating Trustee, as the case

10    may be, and the OUST by no later than sixty (60) days after the Effective Date.

11                    b.    Non-Ordinary-Course Administrative Claims

12    A Non-Ordinary-Course Administrative Claim will be paid by the Trustee on the

13    Effective Date to the extent that prior to the Effective Date it has already been determined

14    to be an Allowed Non-Ordinary-Course Administrative Claim by the Court pursuant to a

15    Final Order.  Any other Non-Ordinary-Course Administrative Claim will be paid by the

16    Liquidating Trustee to the extent that it is allowed by the Court only if: (1) on or before

17    sixty (60) days after the Effective Date, the Person holding the Non-Ordinary Course

18    Administrative Claim both Files with the Court a Request for Payment of the Non-

19    Ordinary-Course Administrative Claim and serves the Request for Payment on counsel for

20    the Liquidating Trustee and the OUST; and (b) the Court, in a Final Order, allows the Non-

21    Ordinary-Course Administrative Claim.  Any party-in-interest, including, but not limited to,

22    the Liquidating Trustee, may File an objection to such a Request for Payment within the

23    time provided by the Bankruptcy Rules or within any other period the Court establishes.

24    Persons holding Non-Ordinary-Course Administrative Claims who do not timely File and

25    serve a Request for Payment will be forever barred from asserting these Claims or

26    sustaining any action seeking payment in any forum or from any court deriving from these

27    Claims against the Estates, the Debtors, the Trustee, the Liquidating Trust, the Liquidating

28    Trustee, or their property.

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

### c.    Professional-Fee Claims

A Professional-Fee Claim will be paid only if: (a) on or before forty-five (45) days after the Effective Date (or such further date if extended by Court order), the Person holding the Professional-Fee Claim both Files with the Court an application requesting allowance and payment of the Professional-Fee Claim; and (b) the Professional-Fee Claim is allowed by order of the Court (as to which fourteen (14) days has passed without a stay of the enforcement or effectiveness of such order or, if a stay has been obtained, such stay has lapsed or been dissolved).  The Liquidating Trustee or any other party-in-interest may File an objection to such an application within the time provided by the Bankruptcy Rules or within any other period that the Court establishes.  Persons holding Professional-Fee Claims who do not timely File and serve an application for allowance and payment will be forever barred from asserting these Claims against the Estates, the Debtors, the Trustee, the Liquidating Trust, the Liquidating Trustee or their property.

As is indicated above, the Trustee estimates that he will need to pay Administrative Expense Claims totaling approximately $2,940,000.00 on the Effective Date, unless the Claimant has agreed to be paid later or the Court has not yet ruled on the Claim.  The Trustee expects that he will have sufficient Administrative Funds in excess of this amount on the Effective Date to make the necessary payments.

### 2.    Priority Tax Claims

Priority Tax Claims include certain unsecured income, employment and other taxes described by Bankruptcy Code § 507(a)(8).  The Bankruptcy Code requires that each Holder of such a § 507(a)(8) Priority Tax Claim receive the present value of such Claim in regular installment payments in Cash, over a period not exceeding five years from the Petition Date, unless the Holder agrees to a different treatment.  The following chart lists all of the Debtors' known § 507(a)(8) Priority Tax Claims and their treatment under the Plan:

| Priority Tax Claims | | |
|---|---|---|
| Description | Estimated Amount Owed | Treatment |
| Priority Tax Claims | $0.00 | The Holders of Allowed Priority Tax Claims will be paid in full the allowed amount of their Claims on the Effective Date or as soon as reasonably practicable thereafter, but, in no event, more than five (5) years from the entry of the Orders for Relief. Allowed Priority Tax Claims shall accrue interest from the Effective Date on the unpaid balance of the Allowed Priority Tax Claim at the rate required by 11 U.S.C. § 511 to provide "present value" of the Allowed Priority Tax Claim. |

## E.    Classified Claims

### 1.    Summary of Classes

| Summary of Classes | |
|---|---|
| Class[4] | Claimant(s) |
| 1(a)-(d) | Secured Claim of the 1st Lien Lenders |
| 2(a)-(d) | Secured Claim of the 2nd Lien Lenders |
| 3(a)-(d) | Secured Claim of the 3rd Lien Lenders |
| 4(a)-(d) | Secured Claim of Mechanic's Lien Claimants |
| 5(a)-(d) | Priority Unsecured Claims Pursuant to 11 U.S.C. §§ 507(a)(6)-(7) |
| 6(a)-(d) | Priority Unsecured Wage Claims Pursuant to 11 U.S.C. §§ 507(a)(4)-(5) |
| 7(a)-(d) | Unsecured Deficiency Claims of the 1st Lien Lenders |
| 8(a)-(d) | Contractually Subordinated Unsecured Deficiency Claims of the 2nd and 3rd Lien Lenders |
| 9(a)-(d) | General Unsecured Trade Claims |
| 10(a)-(d) | Interest Holders |

### 2.    Secured Claims

Secured Claims are Claims secured by liens against property of one or more of the Estates.

---

[4]    With respect to each Class, sub-Class (a) refers to the SunCal Master Estate, sub-Class (b) refers to the McAllister Ranch Estate, sub-Class (c) refers to the McSweeny Farms Estate, and sub-Class (d) refers to the Summerwind Ranch Estate.

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1          a.     Secured Claim of the 1st Lien Lenders

2       Classes 1(a)-(d) consist of the Secured Claim of the 1st Lien Lenders. In

3 accordance with the terms of the Amended Term Sheet, the 1st Lien Lenders hold an

4 Allowed Claim against each of the Estates in the aggregate amount of $230,006,233.98,

5 plus accrued and unpaid interest calculated through September 10, 2008, and accrued

6 and unpaid legal fees (the "1st Lien Lenders Allowed Claim"), secured by a senior-in-

7 priority lien against substantially all of the Debtors' assets, including, but not limited to, the

8 Properties and the Retained Settlement Funds, subject to any earlier recorded and

9 perfected liens. The value of the Properties will be determined in connection with the

10 proposed sale of the Properties. The treatment provided herein shall be in full settlement

11 and satisfaction of the 1st Lien Lenders' Allowed Secured Claim against each of the

12 Debtors.

13       **i.**     **Calculation of Secured Claim**. In accordance with the terms of the

14 Amended Term Sheet, the 1st Lien Lenders hold an Allowed Secured Claim in each of the

15 Estates in an amount equal to the aggregate amount of the "Winning Bid(s)" (as defined in

16 the Overbid Procedures) for the Properties, plus the amount of the Retained Settlement

17 Funds as of the Effective Date, less the amount of any customary costs and expenses of

18 sale, including brokers' commissions, liabilities, liens, Claims, encumbrances or interests,

19 including, but not limited to, any liens determined to be superior in priority to the liens held

20 by the 1st Lien Lenders against any of the Properties (the "Senior Liens"), (a) assumed by

21 the 1st Lien Lenders in connection with the transfer of title to any Properties sold to the 1st

22 Lien Lenders by way of credit bid, or (b) assumed by the 1st Lien Lenders in connection

23 with or paid prior to the distribution of the proceeds from the sale of the Properties sold to

24 one or more "Winning Bidders" (as defined in the Overbid Procedures) other than the 1st

25 Lien Lenders, up to the amount of the 1st Lien Lenders' Allowed Claim.

26       **ii.**     **1st Lien Lenders' Credit Bid Rights**. The 1st Lien Lenders acting

27 collectively shall be the initial bidder with respect to each of the Properties. The initial

28 credit bid by the 1st Lien Lenders shall be the Aggregate Minimum Credit Bid Amount and,

*Smiley, Wang Ekvall & Strok, LLP*
*Weiland, Golden,*
*650 Town Center Drive, Suite 950*
*Costa Mesa, California 92626*
*Tel 714-966-1000 Fax 714-966-1002*

1  with respect to each Property, the Allocated Minimum Credit Bid Amount for the Property.

2  With respect to each Property, the 1st Lien Lenders, in their sole and absolute discretion,

3  shall be entitled to increase their credit bid in accordance with the Overbid Procedures to

4  an amount in excess of the highest competing bid for such Property, if any, up to the

5  Allocated Maximum Credit Bid Amount for the Property.

6       **iii.**    **Payment of Secured Claim**.  Properties for which the 1st Lien Lenders are

7  determined to be the Winning Bidder by way of credit bid shall be transferred to the 1st

8  Lien Lenders on the Effective Date or as soon as reasonably practicable thereafter subject

9  to: (1) any Senior Liens; and (2) liens, Claims, encumbrances or interests that satisfy

10  clause (b), (c), and/or (d) of the definition of "Permitted Exceptions" set forth in the First

11  Lien Credit Agreement (the items described in this clause (2) collectively, the "Permitted

12  Liens").  Properties sold to Winning Bidder(s) other than the 1st Lien Lenders shall be sold

13  free and clear of all liens, including, but not limited to, the liens of the 1st Lien Lenders,

14  except, however, the Permitted Liens, which shall not include any Senior Liens.  On the

15  later of the Effective Date or the close of escrow, the proceeds from the sale of the

16  Properties sold to a Winning Bidder other than the 1st Lien Lenders, less ordinary costs of

17  sale, shall be distributed to LCPI, in its capacity as administrative agent for the 1st Lien

18  Lenders, subject to any Senior Liens.

19       **iv.**    **The Trustee's Participation**.  The Liquidating Trustee, on behalf of the

20  Holders of Allowed Unsecured Trade Claims, shall be entitled to, and shall recover and

21  receive from the "Proceeds" (hereinafter defined) of the dispositions of the Properties, the

22  lesser of (1) the amount sufficient to pay in full the Allowed Unsecured Trade Claims to

23  the extent not previously paid, and (2) 3.5% of such Proceeds (the "Trustee's

24  Participation"); provided that, at the time of any such subsequent disposition the Holders

25  of Allowed Unsecured Trade Claims shall not have otherwise been paid the full allowed

26  amount of their Claims.  The Trustee's Participation in each portion of any Proceeds that

27  consists of Cash shall be immediately due and payable to the Liquidating Trustee from the

28  1st Lien Lenders in Cash upon the 1st Lien Lenders' receipt of such portion of the

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1   applicable Proceeds; provided, however, payment of the Trustee's Participation from

2   Proceeds from the sale of Properties to one or more Winning Bidders other than the 1st

3   Lien Lenders under the Plan shall only be made at such time when all Senior Liens have

4   been resolved or Fidelity has accepted responsibility for all remaining Senior Liens.[5]  The

5   Trustee's Participation shall be transferred to the Liquidating Trustee free and clear of the

6   liens of the Lien Lenders to be distributed in accordance with the terms of the Plan.

7       As used herein, "Proceeds" shall mean all cash and other property constituting

8   proceeds of the disposition of each Property, including the proceeds from the sale of any

9   of the Properties to one or more Winning Bidders other than the 1st Lien Lenders (but

10   excluding any transfer of a Property to the 1st Lien Lenders pursuant to a credit bid) and

11   including the proceeds from any disposition of the Property by the 1st Lien Lenders or any

12   of their affiliates following their acquisition thereof pursuant to a credit bit, whether such

13   Proceeds are received in a single lump sum or on a piecemeal basis over time, less (a)

14   customary and reasonable costs and expenses of  sale, and (b) Cash and other property

15   used to satisfy any Senior Liens not otherwise satisfied under the that certain Title

16   Insurance Policy number 27-44-94-120334 (the "Title Insurance Policy") or the Plan.  For

17   the avoidance of doubt, in the case of such property actually received that consists of

18   promissory notes, equity interests (direct or indirect) in any entities taking title to the

19   Properties and/or other deferred or contingent payment arrangements or mechanisms, the

20   Liquidating Trustee shall be entitled to receive, at the time such promissory notes, equity

21   interests and/or deferred or contingent payment arrangements or mechanisms are

22   received or implemented by the 1st Lien Lenders or their applicable affiliates or principals,

23   a profits participation or similar contractual right to receive the applicable amount

24   representing the Trustee's Participation from all Cash actually received by such entities

25   taking title to each Property from the disposition of such Property and by the Lien Lenders

26   _____

27   [5]    Fidelity asserts that certain issues remain between it and LCPI concerning the scope and existence of coverage under the Title Insurance Policy, and the potential for future issuance of title insurance, which necessitate Fidelity's full reservation of rights as to the Plan.

28

1 and their applicable affiliates and principals in respect of such promissory notes, which

2 profits participation or similar right shall be provided for in the operating, partnership, or

3 similar governing documents of such entities and in such promissory notes or other

4 deferred or contingent payment documentation (as the case may be), in a form and

5 substance reasonably acceptable to the Liquidating Trustee with the Liquidating Trustee

6 being a direct contracted beneficiary of such provisions with the legal right to contractually

7 enforce same.  The Court shall retain jurisdiction with respect to the determination of the

8 value of any component of the Proceeds.  Without limiting the foregoing, if the 1st Lien

9 Lenders form a joint venture with, or borrow funds from, any party, including any 1st Lien

10 Lender or affiliates of a 1st Lien Lender to obtain funding necessary to develop one or

11 more of the Properties or to maintain and/or operate the Properties prior to any

12 disposition, the funds required to repay such unaffiliated equity or debt, as the case may

13 be, shall reduce dollar-for-dollar the Proceeds for the applicable Properties.  The 1st Lien

14 Lenders agree to act in good faith to carry out the terms of this paragraph (Section

15 II.E.2.a.iv. of the Plan) and to effectuate this participation interest of the Liquidating

16 Trustee.

17        The 1st Lien Lenders will, at their sole expense, provide a report and accounting to

18 the Liquidating Trustee or the Liquidating Trustee's successor-in-interest as soon as

19 possible following receipt of Proceeds and shall provide semi-annual financial reports

20 relating to the Properties.   In addition, the 1st Lien Lenders will provide such documents

21 and other information reasonably requested by the Liquidating Trustee or the Liquidating

22 Trustee's successor-in-interest to monitor the 1st Lien Lenders' compliance with this

23 paragraph  (Section II.E.2.a.iv. of the Plan).  LCPI shall provide the Liquidating Trustee

24 with information reasonably necessary to verify the amount of Proceeds.

25        **v.**    **Return of Remaining Development Funds**.  With five (5) Business Days of

26 the date that the Debtors transfer title to the last of the Properties such that the Debtors no

27 longer hold title to any of the Properties, the Trustee or the Liquidating Trustee, as the

28 case may be, shall transfer any unused portion of the Remaining Development Funds to

Welland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

554636.1

FIRST AMENDED PLAN

1 LCPI, in its capacity as administrative agent for the 1st Lien Lenders.  The amount of the

2 1st Lien Lenders' Allowed Secured Claim shall be increased by an amount equal to the

3 amount of the Remaining Development Funds transferred to LCPI.

4     **vi.**    <u>**Treatment of Deficiency Claim**</u>.  The amount of the 1st Lien Lenders' Claim

5 not determined to be a Secured Claim shall be referred to as the "<u>1st Lien Lenders'</u>

6 <u>Unsecured Deficiency Claim</u>" against each of the Debtors, and shall be treated in Classes

7 7(a)-(d) below.

8         **b.**    <u>Secured Claims Other Than the Secured Claim of the</u>

9         <u>1st Lien Lenders</u>

10     The following chart lists all Classes of Secured Claims, other than the Secured

11 Claim of the 1st Lien Lenders, and their treatment under the Plan:

| Secured Claims – SunCal Master Estate | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| 2(a)-(d) | Secured Claim of the 2nd Lien Lenders<br><br>• Collateral: The Properties<br><br>• Priority of Security Interest: Second<br><br>• Total Claim Amount: $85,000,000.00, plus accrued and unpaid interest calculated through September 10, 2008<br><br>• Collateral Value: To be determined upon sale of the Properties. | N | Y | On the Effective Date, the 2nd Lien Lenders will have a Secured Claim only if and to the extent the aggregate Winning Bid(s) for the Properties exceed the amount of the 1st Lien Lenders' Allowed Claim.  If and to the extent the 2nd Lien Lenders have an Allowed Secured Claim, they will be paid the allowed amount of such Secured Claim from the sale proceeds on the later of the Effective Date or the close of escrow.<br><br>Based on the fair market value of the Properties and the amount of the 1st Lien Lenders' Allowed Claim, it is expected that the 2nd Lien Lenders are wholly unsecured, and, as such, the 2nd Lien Lenders will not have any Allowed Secured Claim.  If as expected the 2nd Lien Lenders do not have an Allowed Secured Claim, then upon the Effective Date, the 2nd Lien Lenders' liens against the Properties and other property of the Debtors and/or the Estates shall be valued at $0.<br><br>On the Effective Date, the liens of the 2nd Lien Lenders on the Properties and other property of the Debtors and/or the Estates shall be released, and title to the Properties will be transferred to the Winning Bidder(s) free and clear of the 2nd Lien Lenders' lien.<br><br>The treatment provided herein shall be in full settlement and satisfaction of the 2nd Lien Lenders' Secured Claim against each of the |

Smiley, Welland, Golden,
Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

| | | | | **Secured Claims – SunCal Master Estate** |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| | | | | Debtors.<br><br>The amount of the 2nd Lien Lenders' Claim not determined to be a Secured Claim shall be referred to as the "2nd Lien Lenders' Unsecured Deficiency Claim."<br><br>The 2nd Lien Lenders' Unsecured Deficiency Claim, if any, shall be paid in accordance with the treatment for Classes 8(a)-(d). |
| 3(a)-(d) | Secured Claim of the 3rd Lien Lenders<br><br>• Collateral: The Properties<br><br>• Priority of Security Interest: Third<br><br>• Total Claim Amount: $75,000,000.00, plus accrued and unpaid interest calculated through September 10, 2008<br><br>• Collateral Value: To be determined upon sale of the Properties. | N | Y | On the Effective Date, the 3rd Lien Lenders will have a Secured Claim only if and to the extent the aggregate Winning Bid(s) for the Properties exceed the amount of the 1st Lien Lenders' Allowed Claim and the 2nd Lien Lenders' Allowed Claim. If and to the extent the 3rd Lien Lenders have an Allowed Secured Claim, they will be paid the allowed amount of such Secured Claim from the sale proceeds on the later of the Effective Date or the close of escrow.<br><br>Based on the fair market value of the Properties and the amount of the 1st Lien Lenders' Allowed Claim and the 2nd Lien Lenders' Allowed Claim, it is expected that the 3rd Lien Lenders are wholly unsecured, and, as such, the 3rd Lien Lenders will not have any Allowed Secured Claim. If as expected the 3rd Lien Lenders do not have an Allowed Secured Claim, upon the Effective Date, the 3rd Lien Lenders' liens against the Properties and other property of the Debtors and/or the Estates shall be valued at $0.<br><br>On the Effective Date, the liens of the 3rd Lien Lenders on the Properties and other property of the Debtors and/or the Estates shall be released, and title to the Properties will be transferred to the Winning Bidder(s) free and clear of the 3rd Lien Lenders' liens.<br><br>The treatment provided herein shall be in full settlement and satisfaction of the 3rd Lien Lenders' Secured Claim against each of the Debtors.<br><br>The amount of the 3rd Lien Lenders' Claim not determined to be a Secured Claim shall be referred to as the "3rd Lien Lenders' Unsecured Deficiency Claim."<br><br>The 3rd Lien Lenders' Unsecured Deficiency Claim, if any, shall be paid in accordance with the treatment for Classes 8(a)-(d). |

554636.1

FIRST AMENDED PLAN

| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
|---------|-------------|----------------|----------------|-----------|
| **Secured Claims – SunCal Master Estate** | | | | |
| 4(a)-(d) | Mechanic's Lien Claims<br><br>• Collateral: One or more of the Properties, respectively<br><br>• Priority of Security Interest: Fourth<br><br>• Total Amount of Claims: $46,500,000.00 (est.)<br><br>Collateral Value: To be determined upon sale of the Properties. | N | Y | Based on the fair market value of the Properties and the amount of the Lien Lenders' Claims, the Holders of mechanic's liens (each a "Mechanic's Lien Claimant" and collectively, the "Mechanic's Lien Claimants") will have a Secured Claim only if and to the extent they establish they hold liens that are senior in priority to the lien of the 1st Lien Lenders under applicable law.<br><br>With respect to each Property, if a Mechanic's Lien Claimant establishes that its lien is senior in priority to the 1st Lien Lenders' lien, then:<br><br>(i) if the Property is sold to a Winning Bidder other than the 1st Lien Lenders, then the Mechanic's Lien Claimant's lien shall attach to the sale proceeds in the same validity, extent, and priority as of the Petition Date, and shall be paid in full, or as otherwise agreed by the Mechanic's Lien Claimant, from such sale proceeds on the on the date that is thirty (30) days following the later of the Effective Date, and the date of entry of a court order allowing the Claim of the Mechanic's Lien Claimant and/or determining that the lien of the Mechanic's Lien Claimant is senior in priority to the 1st Lien Lenders' lien; or<br><br>(ii) if the Property is sold to the 1st Lien Lenders by way of credit bid, then the Mechanic's Lien Claimant shall retain its lien on the Property, until the satisfaction the Mechanic's Lien Claimant's Allowed Claim in full, or as otherwise agreed by the Mechanic's Lien Claimant, at which time the lien shall be released and the 1st Lien Lenders shall retain title to the Property free and clear of such lien.<br><br>Mechanic's Lien Claimants who are unable to establish that they hold a lien that is senior in priority to the 1st Lien Lenders' lien will be paid in accordance with the treatment afforded to General Unsecured Trade Creditors in Classes 9(a)-(d).<br><br>LCPI believes that the 1st Lien Lenders have claims to assert their first priority liens over all other interests asserted in each of the Properties, including any mechanic's liens. LCPI believes that if the 1st Lien Lenders prevail on any such claims, it is likely that any other party asserting an interest in the Properties, including the Mechanic's Lien Claimants, would not be entitled to any recovery from any proceeds from the sale of |

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

| Secured Claims – SunCal Master Estate | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| | | | | the Properties.

The treatment provided herein shall be in full settlement and satisfaction of the Secured Claims of the Mechanic's Lien Claimants. |

## 3.    Classes of Priority Unsecured Claims

Certain Priority Claims that are referred to in Bankruptcy Code §§ 507(a)(4), (5), (6), and (7) are required to be placed in Classes.  The Bankruptcy Code requires that each Holder of the above Priority Claims receive Cash on the Effective Date equal to the allowed amount of such Claim.  However, a Class of unsecured Priority Claim Holders may vote to accept deferred Cash payments of a value, as of the Effective Date, equal to the allowed amount of such Claim.

The Trustee does not believe that there are any valid Priority Claims.  However, out of an abundance of caution, the following chart lists all Classes containing the Debtors' Bankruptcy Code §§ 507(a)(4), (5), (6), and (7) Priority Claims and their treatment under the Plan:

| Priority Unsecured Claims | | | |
|---|---|---|---|
| Class # | Description | Impaired (Y/N) | Treatment |
| 5(a)-(d) | Priority unsecured claims pursuant to 11 U.S.C. §§ 507(a)(6) and (7)

Estimated total amount of claims: $0.00 | Y | Allowed Priority Unsecured Claims in Classes 5(a)-(d) shall be paid in full, subject to any statutory maximum, in Cash on the later of the following dates: (i) the Effective Date; (ii) the tenth (10th) Business Day after the entry of a Final Order allowing the Priority Claim; and (iii) receipt of sufficient unencumbered funds to pay such Allowed Priority Unsecured Claim. |
| 6(a)-(d) | Priority wage claims pursuant to 11 U.S.C. §§ 507(a)(4) and (5)

Estimated total amount of claims: $0.00 | Y | Allowed Priority Unsecured Claims in Classes 6(a)-(d) shall be paid up to the $10,950 statutory maximum, in Cash on the later of the following dates: (i) the Effective Date; (ii) the tenth (10th) Business Day after the entry of a Final Order allowing the Priority Unsecured Claim; and (iii) receipt of sufficient unencumbered funds to pay such Allowed Priority Unsecured Claim.

Any Allowed Claim amounts in excess of $10,950 will be subject to the treatment afforded Claims in Classes 9(a)-(d). |

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

| Priority Unsecured Claims | | | |
|---|---|---|---|
| Class # | Description | Impaired (Y/N) | Treatment |
| | | | |

### 4.   Classes of Unsecured Claims

General Unsecured Claims are unsecured Claims that are not entitled to priority under 11 U.S.C. § 507(a) and include the Unsecured Deficiency Claims of the Lien Lenders.  Below is a summary of the Plan's treatment of the Classes containing the Debtors' General Unsecured Claims.

a.   Unsecured Deficiency Claim of the 1st Lien Lenders

Classes 7(a)-(d) consists of the 1st Lien Lenders' Allowed Unsecured Deficiency Claim.  The treatment proposed herein shall be in full satisfaction of the 1st Lien Lenders' Allowed Unsecured Deficiency Claim(s) against each of the Debtors.

i.   Calculation of Unsecured Deficiency Claim.  On the Effective Date, the 1st Lien Lenders shall have an Allowed Unsecured Deficiency Claim in the aggregate amount of the 1st Lien Lenders' Allowed Claim, less the amount of the 1st Lien Lenders' Allowed Secured Claim.

ii.   The 50/50 Distribution Scheme.  On each Distribution Date, until the earlier of (a) the payment of all Allowed Unsecured Trade Claims in full; (b) the payment of the Allowed Claims of the Lien Lenders (the "Lien Lender Claims") in full; and (c) the termination of the Amended Term Sheet in accordance with its terms, 50% of any Net Other Recoveries available for distribution shall be paid to LCPI, in its capacity as administrative agent for the 1st Lien Lenders.  The remaining 50% of the Net Other Recoveries available for distribution shall be retained by the Liquidating Trustee free and clear of any liens, Claims, interests or encumbrances to be distributed in accordance with the terms of the Plan and shall be referred to hereinafter as the "Trade Creditor Allocation."  After all Allowed Unsecured Trade Claims are paid in full, on each Distribution Date, any Net Other Recoveries shall be distributed on a *pro rata* basis to the Lien

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1  Lenders on account of their Allowed Unsecured Deficiency Claims, subject to the

2  Intercreditor Agreement.

3        iii.     Alternative Distribution Scheme. To the extent that the Court or other court

4  of competent jurisdiction determines that the Intercreditor Agreement does not require that

5  all Net Other Recoveries must be paid to the 1st Lien Lenders, then, on each Distribution

6  Date, Net Other Recoveries shall be distributed on a *pro rata* basis to the respective

7  administrative agents for the Holders of Allowed Class 8 Unsecured Deficiency Claims

8  and to the Holders of Allowed Class 7 Unsecured Deficiency Claims. In addition, the 1st

9  Lien Lenders' Allowed Unsecured Deficiency Claim(s) of the 1st Lien Lenders shall be

10  deemed assigned (the "Assigned 1st Lien Lenders' Unsecured Deficiency Claim(s)") to the

11  Liquidating Trustee to the extent necessary to provide the Liquidating Trustee with 50% of

12  the amount of the Net Other Recoveries being distributed. As a result, on each

13  Distribution Date, the 1st Lien Lenders' Pro Rata Share of the Net Other Recoveries being

14  distributed shall be retained by the Liquidating Trustee up to 50% of the total amount of

15  Net Other Recoveries being distributed, and any excess shall be distributed to LCPI, in its

16  capacity as administrative agent for the 1st Lien Lenders. The amount retained by the

17  Liquidating Trustee pursuant to this paragraph shall be retained free and clear of any

18  liens, Claims, interests or encumbrances, and shall be distributed in accordance with the

19  terms of the Plan. After all Allowed Unsecured Trade Claims are paid in full, any

20  remaining Net Other Recoveries retained on account of the Assigned 1st Lien Lenders'

21  Unsecured Deficiency Claim(s) shall be distributed to LCPI, in its capacity as the

22  administrative agent for the 1st Lien Lenders.

23        iv.     Determination of Distribution Scheme. Notwithstanding anything herein to

24  the contrary, the Liquidating Trustee shall not distribute any Net Other Recoveries to the

25  Lien Lenders in accordance with this Section, until the Court or other court of competent

26  jurisdiction enters a Final Order determining whether the Intercreditor Agreement requires

27  that, among the Lien Lenders, all Net Other Recoveries must be paid to the 1st Lien

28  Lenders. Within a reasonable time following the Liquidating Trustee's receipt of any Net

Other Recoveries, the Liquidating Trustee will interplead fifty percent (50%) of the Net

Other Recoveries to be distributed (the "Interpled Funds") with the Court for a

determination of the Lien Lenders' rights under the Intercreditor Agreement with respect to

the Interplead Funds.  Nothing herein prevents the Lien Lenders from seeking an earlier

adjudication of their rights under the Intercreditor Agreement with respect to any Net Other

Recoveries from the Court or other court of competent jurisdiction.

      b.    Unsecured Claims Other Than the Unsecured

            Deficiency Claim of the 1st Lien Lenders

| General Unsecured Claims | | | |
|---|---|---|---|
| Class # | Description | Impaired (Y/N) | Treatment |
| 8(a)-(d) | Contractually Subordinated Unsecured Deficiency Claims of the 2nd Lien Lenders and the 3rd Lien Lenders<br><br>Estimated total amount of claims: $160,000,000.00, plus accrued and unpaid interest calculated through September 10, 2008 | Y | Classes 8(a)-(d) consist of the 2nd Lien Lenders' Unsecured Deficiency Claim and the 3rd Lien Lenders' Unsecured Deficiency Claim.<br><br>The Holders of Allowed Class 8 Unsecured Deficiency Claims shall not receive any Distributions on account of such Claims; provided, however, to the extent that the Court or other court of competent jurisdiction determines, as provided in Section II.E.4.a.iv. above, that the Intercreditor Agreement does not require that all Net Other Recoveries must be paid to the 1st Lien Lenders, then Net Other Recoveries shall be distributed on a *pro rata* basis to the Holders of Allowed Class 8 Unsecured Deficiency Claims and to the Holders of Allowed Class 7 Unsecured Deficiency Claims, as follows:<br><br>(i)    On each Distribution Date, the administrative agent for the 2nd Lien Lenders will receive for the benefit of the 2nd Lien Lenders the 2nd Lien Lenders' Pro Rata Share of the Net Other Recoveries being distributed, less the amounts discussed in paragraph (ii) immediately below, and the administrative agent for the 3rd Lien Lenders will receive for the benefit of the 3rd Lien Lenders the 3rd Lien Lenders' Pro Rata Share of the Net Other Recoveries being distributed, less the amounts discussed in paragraph (ii) immediately below; and<br><br>(ii)    The Allowed 2nd Lien Lender Unsecured Deficiency Claim of LCPI (the "Assigned LCPI 2nd Lien Lender Unsecured Deficiency Claim") and the Allowed 3rd Lien Lender Unsecured Deficiency Claim of LCPI (the "Assigned LCPI 3rd Lien Lender Unsecured Deficiency Claim") |

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

| General Unsecured Claims | | | |
|---|---|---|---|
| Class # | Description | Impaired (Y/N) | Treatment |
| | | | shall be deemed assigned to the Liquidating Trustee to the extent that the Assigned 1st Lien Lenders' Unsecured Deficiency Claim(s) did not provide the Liquidating Trustee 50% of the amount of the Net Other Recoveries being distributed. On each Distribution Date, (1) the amount of the 2nd Lien Lenders' Pro Rata Share of the Net Other Recoveries attributable to the Assigned LCPI 2nd Lien Lender Unsecured Deficiency Claim, and (2) the amount of the 3rd Lien Lenders' Pro Rata Share of the Net Other Recoveries attributable to the Assigned 3rd Lien Lender Unsecured Deficiency Claim shall be retained by the Liquidating Trustee up to the point that 50% of the total amount of Net Other Recoveries being distributed has been retained by the Liquidating Trustee, and any excess shall be distributed to LCPI. The amount retained by the Liquidating Trustee pursuant to this paragraph shall be retained free and clear of any liens, Claims, interests or encumbrances, and shall be distributed in accordance with the terms of the Plan. Notwithstanding the foregoing, after all Allowed Unsecured Trade Claims are paid in full, any remaining Net Other Recoveries retained on account of the Assigned LCPI 2nd Lien Lender Unsecured Deficiency Claim or on account of the Assigned LCPI 3rd Lien Lender Unsecured Deficiency Claim shall be distributed to LCPI.<br><br>The treatment proposed herein shall be in full satisfaction of the 2nd Lien Lenders' Unsecured Deficiency Claim and the 3rd Lien Lenders' Unsecured Deficiency Claim against each of the Debtors. |
| 9(a)-(d) | Unsecured Trade Claims, which includes any Bond Indemnification Claims<br><br>Estimated total amount of claims: $60,000,000.00 (est.) | Y | Class 9 is four (4) separate Classes, one Class of General Unsecured Trade Claims against each Debtor. For avoidance of doubt, any Bond Indemnification Claims are treated in Classes 9(a)-(d) and are considered Unsecured Trade Claims. Any Distributions made to the Holders of Allowed Unsecured Trade Claims will be on a consolidated basis. However, for purposes of voting, each Class of General Unsecured Trade Claims will be considered separately.<br><br>On each Distribution Date, the Holders of Allowed Unsecured Trade Claims will receive their respective Pro Rata Shares from Available Cash.<br><br>The treatment proposed herein shall be in full satisfaction of the Allowed Unsecured Trade |

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

| General Unsecured Claims | | | |
|---|---|---|---|
| Class # | Description | Impaired (Y/N) | Treatment |
| | | | Claims. |

### 5.   Class of Interest Holders

Interest holders are the parties who hold membership Interests (*i.e.*, equity interests) in the Debtors.  Each Debtor is a Delaware limited liability company in which the owners hold Membership Interests.  The following chart identifies the Plan's treatment of the Class of Interest Holders.

| Interest Holders | | | |
|---|---|---|---|
| Class # | Description | Impaired (Y/N) | Treatment |
| 10(a)-(d) | Interest Holders | Y | On the Effective Date, all existing membership Interests in each Debtor will be cancelled, annulled, and extinguished.  No distribution of any kind will be made on account of any existing membership Interests. |

## III.   MEANS OF EFFECTUATING THE PLAN

This Section is intended to explain how the Trustee intends to effectuate the liquidation contemplated by the Plan, and how the Trustee intends to fund the obligations to Holders of Allowed Claims as provided in the Plan.  This Section provides information regarding the funding sources for Plan obligations, the establishment of the Liquidating Trust, and other material issues bearing upon performance of the Plan, such as the sale of the Properties.  The Plan will be effectuated through the sale of the Properties, and the vesting of all other Assets, including, but not limited to, any Avoidance Actions and other Causes of Action, in the Liquidating Trust to be managed and administered by the Liquidating Trustee.

### A.   The Sale of the Properties

#### 1.   The Auction

Under the Plan, each Property will be sold by auction (the "Auction") to the 1st Lien Lenders and/or one or more third parties in accordance with and subject to the overbid

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1 procedures to be provided and approved by the Court and attached hereto as Exhibit "3"

2 (the "Overbid Procedures"). The 1st Lien Lenders acting collectively shall be the initial

3 bidder with respect to each of the Properties. As further discussed in Section II.E.2.a.

4 above and the Overbid Procedures, the 1st Lien Lenders' initial aggregate credit bid for all

5 the Properties taken together shall be in the amount of the Aggregate Minimum Credit Bid

6 Amount, and, with respect to each Property, the 1st Lien Lenders shall be entitled to

7 increase their credit bid to an amount in excess of the highest competing bid for such

8 Property, if any, up to the Allocated Maximum Credit Bid Amount for the Property. Any

9 party wishing to submit a competing bid and participate in the Auction must be deemed a

10 "Qualified Bidder" (as defined in the Overbid Procedures) and must otherwise comply with

11 the Overbid Procedures.

### 2.    The Transfer of Title

13         With respect to each Property, on the later of the Effective Date or the close of

14 escrow, or as soon as reasonably practicable thereafter, the Trustee shall sell and transfer

15 to the Winning Bidder all right, title, and interest of the Estate in and to such Property.

16 Properties for which the 1st Lien Lenders are determined to be the Winning Bidder by way

17 of credit bid shall be transferred to the 1st Lien Lenders subject to: (i) the lien of the 1st

18 Lien Lenders; (ii) Senior Liens; and (iii) Permitted Liens. Properties sold to Winning

19 Bidder(s) other than the 1st Lien Lenders shall be sold free and clear of all liens, Claims,

20 encumbrances, and/or other interests, except, however, the Permitted Liens, which shall

21 not include any Senior Liens.

### 3.    The Surety Bonds

23         The Bond Companies assert that surety bonds were executed on behalf of each

24 Subsidiary Debtor as principal for its respective Property, such surety bonds will not and

25 cannot be transferred to the Winning Bidder(s), and such surety bonds will not apply to the

26 Winning Bidder(s). The Bond Companies further assert that the sale of each Property is

27 subject to all applicable state and local development requirements, including the duty to

28 obtain performance and other surety bonds, to construct infrastructure improvements, and

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1   any other related development responsibilities.  The Trustee and the First Lien Lenders

2   take no position with respect to these issues at this time and reserve all rights with respect

3   to these issues.

4       **B.      The Funding of the Plan**

5       The Plan will be funded from three potential sources of Cash: (1) the Administrative

6   Funds; (2) any Net Other Recoveries; and (3) the Trustee's Participation.  The

7   Administrative Funds will be used by the Trustee to pay Allowed Administrative Expense

8   Claims on the Effective Date and to make any other Effective Date Payments under the

9   Plan, and any remaining Administrative Funds shall be transferred to the Liquidating Trust

10  to be distributed and administered in accordance with the terms of the Plan.  Distributions

11  following the Effective Date will be made from any Net Other Recoveries and the Trustee's

12  Participation, which will be paid to the Liquidating Trust to be distributed and administered

13  in accordance with the terms of the Plan.

14      **C.      Transfer of Estate Assets**

15      Upon the Effective Date, the Assets, including, but not limited to, Avoidance

16  Actions and other Causes of Action, the Administrative Funds, and the Estates' right in

17  and to Other Recoveries and the Trustee's Participation, shall be deemed transferred to

18  and vested in the Liquidating Trust in accordance with the Plan.  The Trustee is

19  authorized to execute and deliver or cause to be executed and delivered all such

20  documents as necessary or appropriate to transfer and vest title in and possession of the

21  Assets to the Liquidating Trust.  However, notwithstanding anything herein to the contrary,

22  the Trustee shall have authority to pay from the Administrative Funds Administrative

23  Expense Claims Allowed as of the Effective Date and other Effective Date Payments.

24  Thereafter, such payments shall be made by the Liquidating Trustee.

25      **D.      Dissolution of the Debtors**

26      On the Effective Date, each of the Debtors shall be deemed dissolved for all

27  purposes without the necessity for any other or further actions to be taken by or on behalf

28  of the Debtors or payments to be made in connection therewith.

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

554636.1                        24                        FIRST AMENDED PLAN

### E.    Liquidating Trust

#### 1.    Establishment of the Liquidating Trust

The Liquidating Trust shall be established and shall become effective on the Effective Date. The Liquidating Trust is created pursuant to the Plan and the Confirmation Order, and no separate trust instrument shall be required. The primary purpose of the Liquidating Trust is the liquidation and distribution of the Assets transferred to it, with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust. The Liquidating Trust shall hold and administer the Assets of the Debtors, including, but not limited to, any Avoidance Actions or other Causes of Action, and the proceeds thereof for liquidation and distribution in accordance with the terms of the Plan.

#### 2.    Trust Distributions

The Liquidating Trustee shall liquidate the Assets, including, but not limited to, Avoidance Actions or other Causes of Action, and shall distribute any Other Recoveries, Net Other Recoveries, and/or Available Cash in accordance with the terms of the Plan. All Distributions to the Holders of Allowed Claims shall be from the Liquidating Trust. Persons dealing with the Liquidating Trustee, or seeking to assert Claims against the Debtors, the Estates or the Liquidating Trust, shall look only to property of the Debtors, the Estates or the Liquidating Trust to satisfy any liability to such Persons, and the Liquidating Trustee shall have no corporate, personal, or individual obligation to satisfy any such liability.

#### 3.    Duration of the Trust

The Liquidating Trust shall have an initial term of five (5) years; provided, however, that, the term of the Liquidating Trust may be extended for a finite term upon a finding of "cause" by the Court. The Liquidating Trustee may seek an extension of the Liquidating Trust's term by Motion filed by the expiration of the term to be extended. The Liquidating Trust may be terminated earlier than its scheduled termination if (a) the Court has entered a Final Order closing the Cases pursuant to 11 U.S.C. § 350(a) and (b) the Liquidating

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

1    Trustee has administered all assets of the Liquidating Trust and performed all other

2    duties required by the Plan.

3        **4.**    **Liquidation of Avoidance Actions and Actions**

4        On or after the Effective Date, the Liquidating Trustee shall have sole authority and

5    responsibility for investigating, analyzing, commencing, prosecuting, litigating,

6    compromising, collecting, and otherwise administering Avoidance Actions and other

7    Causes of Action.  Unless an Avoidance Action or Cause of Action is expressly waived,

8    relinquished, compromised or settled as provided or identified in the Plan, the

9    Confirmation Order, or any other order of the Court, the Liquidating Trust expressly

10   reserves any Avoidance Action or Cause of Action for later adjudication.  Therefore, no

11   preclusion doctrine, including, without limitation, the doctrine of *res judicata*, collateral

12   estoppel (judicial, equitable or otherwise) or laches shall apply to such Avoidance Action

13   or Cause of Action upon or after confirmation or consummation of the Plan.

14       **5.**    **Liquidating Trustee**

15       a.    <u>Appointment</u>

16       The appointment of the Liquidating Trustee shall be effective as of the Effective

17   Date.

18       b.    <u>Term</u>

19       Unless the Liquidating Trustee resigns, dies or is removed by Court order earlier,

20   the Liquidating Trustee's term shall expire upon termination of the Liquidating Trust

21   pursuant to the Plan.  In the event the Liquidating Trustee resigns, dies or is removed by

22   Court order prior to termination of the Liquidating Trust, the OUST shall select and

23   recommend to the Court a successor trustee.

24       c.    <u>Powers and Duties</u>

25       On the Effective Date, the Liquidating Trustee shall have the rights, powers and

26   duties set forth in the Plan, the Confirmation Order, and Bankruptcy Code §§ 505, 1107

27   and 1108.  The Liquidating Trustee shall be governed in all things by the terms of the Plan

28   and the Confirmation Order.  The Liquidating Trustee shall administer the Liquidating

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  Trust in accordance with the Plan.  Without limitation, the Liquidating Trustee shall file

2  final federal, state, foreign and, to the extent applicable, local, tax returns.  Without further

3  Motion, notice, or order of the Court, the Liquidating Trustee shall be authorized,

4  empowered and directed to take all actions necessary to comply with the Plan and

5  exercise and fulfill the duties and obligations arising thereunder, including, without

6  limitation to:

7       i.     employ, retain, and replace one or more attorneys, accountants,

8           auctioneers, brokers, managers, consultants, other professionals,

9           agents, investigators, expert witnesses, consultants, and advisors as

10           necessary to discharge the duties of the Liquidating Trustee under

11           the Plan;

12       ii.     control and effectuate the Claims reconciliation process, including to

13           object to, seek to subordinate, compromise or settle any and all

14           Claims against the Debtors pursuant to the terms of the Plan;

15       iii.    open, maintain and administer bank accounts as necessary to

16           discharge the duties of the Liquidating Trustee under the Plan;

17       iv.    make Distributions to the Holders of Allowed Claims in accordance

18           with the Plan;

19       v.     retain professionals to assist in performing his or her duties under the

20           Plan;

21       vi.    pay reasonable and necessary professional fees, costs, and

22           expenses;

23       vii.    investigate, analyze, commence, prosecute, litigate, compromise,

24           settle, dismiss, and otherwise administer all Causes of Action and

25           Avoidance Actions for the benefit of the Liquidating Trust and its

26           beneficiaries, as set forth in the Plan, and to take all other necessary

27           and appropriate steps to collect, recover, settle, liquidate, or

28           otherwise reduce to Cash all Causes of Action and Avoidance

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  Actions, as the Liquidating Trustee may determine is in the best

2  interests of the Liquidating Trust;

3  viii.  administer, sell, liquidate, or otherwise dispose of the Assets in

4  accordance with the terms of the Plan;

5  ix.  incur and pay reasonable and necessary expenses in connection with

6  the performance of the Liquidating Trustee's duties under the Plan;

7  x.  represent the Estates before the Court and other courts of competent

8  jurisdiction with respect to matters concerning the Liquidating Trust;

9  xi.  seek the examination of any entity under and subject to the provisions

10  of Bankruptcy Rule 2004;

11  xii.  comply with applicable orders of the Court and any other court of

12  competent jurisdiction over the matters set forth in the Plan;

13  xiii.  comply with all applicable laws and regulations concerning the

14  matters set forth in the Plan;

15  xiv.  exercise such other powers as may be vested in the Liquidating Trust

16  pursuant to the Plan, the Confirmation Order, or other Final Orders of

17  the Court;

18  xv.  execute any documents, instruments, contracts, and agreements

19  necessary and appropriate to carry out the powers and duties of the

20  Liquidating Trust;

21  xvi.  (1) seek a determination of tax liability under § 505 of the Code, (2)

22  pay taxes, if any, related to a Debtor, (3) file, if necessary, any and all

23  tax and information returns required with the respect to the

24  Liquidating Trust, including, if appropriate, treating the Liquidating

25  Trust as a "grantor trust" pursuant to Treas. Reg. 1.671-4 or

26  otherwise, (4) make tax elections by and on behalf of the Liquidating

27  Trust, and (5) pay taxes, if any, payable by the Liquidating Trust; and

28  xvii.  stand in the shoes of the Debtors for all purposes.

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 / Fax 714-966-1002

554636.1

FIRST AMENDED PLAN

1      d.      Retention of Professionals and Compensation

2              Procedure

3      On and after the Effective Date, the Liquidating Trustee may, without further

4  application or Motion, notice, hearing, or Court order, engage or employ such

5  professionals and experts as may be deemed necessary and appropriate by the

6  Liquidating Trustee to assist the Liquidating Trustee in carrying out the provisions of the

7  Plan, including, but not limited to, the Professionals retained prior to the Effective Date by

8  either the Trustee or the Committee.  The Liquidating Trustee may employ such

9  professionals on any reasonable terms and conditions of employment to be determined by

10  the Liquidating Trustee.  For the services performed on and after the Effective Date, the

11  professionals engaged by the Liquidating Trustee (the "Liquidating Trustee Professionals")

12  shall receive reasonable compensation and reimbursement of expenses in a manner to be

13  determined by the Liquidating Trustee.

14      e.      Fees and Expenses

15      The Liquidating Trustee and the Liquidating Trustee Professionals shall be entitled

16  to reasonable compensation for their services, and reimbursement of expenses.  The

17  Liquidating Trustee shall be paid on an hourly basis at the rate of $575.00, as may be

18  increased from time to time as is consistent with the Liquidating Trustee's ordinary

19  practices.  Compensation of the Liquidating Trustee and the costs and expenses of the

20  Liquidating Trust (including, without limitation, fees and expenses of the Liquidating

21  Trustee Professionals) shall be paid from the Liquidating Trust.  The Liquidating Trustee

22  shall pay, without further order, notice, or application to the Court, the reasonable fees

23  and expenses of the Liquidating Trustee and the Liquidating Trustee Professionals, as

24  necessary to discharge the Liquidating Trustee's duties under the Plan.  The Liquidating

25  Trustee shall be authorized to reserve funds from the Liquidating Trust as is reasonable to

26  pay the expenses and fees of the Liquidating Trustee and the Liquidating Trustee

27  Professionals before making any Distributions under the Plan.

28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

554636.1                                    29                          FIRST AMENDED PLAN

f.    Limitation of Liability and Indemnification

Neither the Liquidating Trustee nor his or her employees, Liquidating Trustee Professionals or agents shall be liable (a) for any loss or damages by reason of any action taken or omitted by him or her, except in the case of fraud, willful misconduct, bad faith, or gross negligence, or (b) for any act or omission made in reliance upon the Debtors' books and records or upon information or advice given to the Liquidating Trustee by his or her professionals.  Except as otherwise provided in this Plan, the Liquidating Trustee shall rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, consent, or other document believed by him or her to be genuine and to have been signed by the proper party or parties.

The Liquidating Trustee and his or her employees, Liquidating Trustee Professionals or agents (collectively, the "Indemnified Parties" and each, an "Indemnified Party") shall be indemnified and receive reimbursement from and against any and all loss, liability, expense (including attorneys' fees) or damage of any kind, type or nature, which the Indemnified Party may incur or sustain in the exercise and performance of any of the Liquidating Trustee's powers and duties under this Plan or the Confirmation Order, or in the rendering of services by the Indemnified Party to the Liquidating Trustee, to the full extent permitted by applicable law, except if such loss, liability, expense or damage is finally determined by a court of competent jurisdiction to result from the Liquidating Trustee's or an Indemnified Person's fraud, willful misconduct, bad faith, or gross negligence.  The amounts necessary for such indemnification and reimbursement shall be paid by the Liquidating Trustee out of the Liquidating Trust assets.  The Liquidating Trustee shall not be personally liable for the payment of any Liquidating Trust expense or claim or other liability of the Liquidating Trust, and no Person shall look to the Indemnified Parties personally for the payment of any such expense or liability.  This indemnification shall survive the death, resignation or removal, as may be applicable, of the Liquidating Trustee, or the termination of the Liquidating Trust, and shall inure to the benefit of the Liquidating Trustee's and the Indemnified Person's heirs and assigns.

g.     <u>Liquidating Trustee as Successor</u>

Pursuant to Code § 1123(b), the Liquidating Trustee shall be the successor to the Debtors and the Trustee for all purposes.  The Liquidating Trustee shall stand in the same position as the Debtors with respect to any claim the Debtors may have to an attorney-client privilege, the work product doctrine, or any other privilege against production, and the Liquidating Trust shall succeed to all of the Debtors' rights to preserve, assert, or waive any such privilege.

h.     <u>Compromising Claims</u>

As of the Effective Date, the Liquidating Trustee is authorized to compromise any and all Causes of Action and Claims and to execute documents necessary to effectuate such compromises without further Motion, notice, hearing or order of the Court.

i.     <u>Vesting of Assets</u>

On the Effective Date, all Assets including, without limitation, all right, title, and interest in any personal or real property, Cash, the Administrative Funds, the Trustee's Participation, Other Recoveries, the contractual interests, general intangibles, Causes of Action, Avoidance Actions of the Debtors and/or the Estates shall be transferred to and vest in the Liquidating Trust free and clear of all Claims, liens, encumbrances, or other interests (unless otherwise stated expressly in the Plan).

**6.     Liquidating Trustee as Disbursing Agent**

The Liquidating Trustee shall make all Distributions required under the Plan, subject to the terms and provisions of the Plan.  The Liquidating Trustee shall make continuing efforts to dispose of the Liquidating Trust's assets, make Distributions, and not unduly prolong the duration of the Liquidating Trust.

**7.     Bond**

The Liquidating Trustee shall be required to post a bond or surety or other security for the performance of his or her duties under the Plan.

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

### 8.    Federal Income and Taxation of the Liquidating Trust

For federal income tax purposes, the Liquidating Trust is a "liquidating trust" within the meaning of Treasury Income Tax Regulation Section 301.7701-4(d) and IRS Revenue Procedure 94-45, 1994-2 C.B. 124.  The transfer of assets to the Liquidating Trust under the Plan is treated as a deemed transfer to the Persons entitled to receive Distributions under the Plan followed by a deemed transfer of assets by such Persons to the Liquidating Trust.  The Persons entitled to receive Distributions under the Plan will be deemed the grantors and owners of the Liquidating Trust and its assets.  The Liquidating Trust will be taxed as a "grantor trust" within the meaning of IRC Sections 671-677 (a non-taxable pass-through tax entity) owned by the Persons entitled to receive Distributions under the Plan.  The Liquidating Trust will file federal income tax returns as a grantor trust under IRC Section 671 and Treasury Income Tax Regulation Section 1.671-4 and report, but not pay tax on, the Liquidating Trust's tax items of income, gain, loss deductions, and credits ("Tax Items").  The Persons entitled to receive Distributions under the Plan will report such Tax Items on their federal income tax returns and pay any resulting federal income tax liability.  The Liquidating Trust and the Persons entitled to receive Distributions under the Plan will use consistent valuations of the assets transferred to the Liquidating Trust for all federal income tax purposes, such valuations to be determined by the Liquidating Trustee.

### 9.    Beneficiaries

The Holders of Allowed Claims under the Plan, or any successors to such Holders' Allowed Claims ("Beneficiary" or "Beneficiaries") shall own a beneficial interest in the Liquidating Trust which shall, subject to the Plan, be entitled to a Distribution, if any, in the amounts, and at the times, set forth in the Plan.  Ownership of a beneficial interest in the Liquidating Trust shall not be evidenced by any certificate, security, or receipt or in any other form or manner whatsoever, except as maintained on the books and records of the Liquidating Trust by the Liquidating Trustee.  The ownership of a beneficial interest in the Liquidating Trust shall not entitle any Beneficiary to any title in or to the Liquidating Trust

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1  assets or to any right to call for a partition or division of such assets or to require an

2  accounting.  The Liquidating Trustee shall make Distributions, if any, to Beneficiaries in

3  the manner provided in the Plan.

4      The rights of the Beneficiaries arising under the Liquidating Trust may be deemed

5  "securities" under applicable law.  However, such rights have not been defined as

6  "securities" under the Plan because (a) the intent of the Plan is that such rights shall not

7  be securities, and (b) if the rights arising under the Liquidating Trust are deemed to be

8  "securities," the exemption from registration under § 1145 of the Bankruptcy Code is

9  intended to be applicable to such securities.

10     **F.    Release of Liens**

11     Except as otherwise expressly provided in the Plan, the Confirmation Order, or in

12  any document, instrument or other agreement created in connection with the Plan, on the

13  Effective Date, all mortgages, deeds of trust, liens, or other security interests in or against

14  the Assets shall be released, and the sale of the Properties to the Winning Bidder(s) shall

15  be free and clear of any and all mortgages, deeds of trust, liens, or other security interests

16  in or against the Properties.

17     **G.    Changes in Rates Subject to Regulatory Commission Approval**

18     The Debtors are not subject to governmental regulatory commission approval of

19  their rates.

20     **H.    Exemption from Transfer Taxes**

21     Pursuant to Bankruptcy Code § 1146(a), any transfers from any of the Debtors to

22  the Liquidating Trust or to any other Person pursuant to the Plan in the United States shall

23  not be subject to any stamp, real estate transfer, personal property, recording or other

24  similar tax, and the Confirmation Order shall direct the appropriate state or local

25  governmental officials or agents to forgo the collection of any such tax or governmental

26  assessment and to accept for filing and recordation any of the foregoing instruments or

27  other documents without payment of any such tax or governmental assessment.

28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

## IV.    DISTRIBUTIONS

### A.    Dates of Distributions

Effective Date Payments shall be deemed timely made if made as soon as practicable after the Effective Date, but, in any event, within fifteen (15) days of the Effective Date.  Any Distribution required to be made when a Disputed Claim becomes an Allowed Claim shall be deemed timely made if made as soon as practicable thereafter, but, in any event, within fifteen (15) days thereafter.

### B.    Manner of Distribution

At the option and in the sole discretion of the Liquidating Trustee, monetary Distributions may be made by (i) wire transfers from, or (ii) a check drawn on a domestic bank approved by the OUST.

### C.    Delivery of Distributions in General

Distributions to Holders of Allowed Claims shall be made by the Liquidating Trustee (a) at the addresses set forth on the Proof of Claim filed by such Holders, (b) at the addresses reflected in the Schedules if no Proof of Claim has been filed and the Liquidating Trustee has not received a written notice of a change of address, or (c) in the case of a Holder of a Claim that is governed by an agreement and is administered by an agent or servicer, at the address (i) set forth on any Proof of Claim filed by the agent or servicer, (ii) in the Schedules for the agent or servicer if no Proof of Claim has been filed, or (iii) contained in the official records of such agent or servicer.  Holders of Claims may change the address to which Distributions will be sent by filing a written change of address with the Court and serving a copy of the change of address on the Liquidating Trustee.

If a Distribution to any Holder of an Allowed Claim is returned to the Liquidating Trustee as undeliverable or otherwise unclaimed ("Undeliverable Distribution"), the Liquidating Trustee shall make no further Distributions to such Holder unless and until the Liquidating Trustee is notified in writing of such Holder's then-current address, at which time all Undeliverable Distributions shall be made to such Holder without interest.  All

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 550
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1  Undeliverable Distributions shall be returned to the Liquidating Trustee until such

2  Undeliverable Distributions are claimed.  The Liquidating Trustee shall, in the case of

3  Cash, hold Undeliverable Distributions in a segregated interest-bearing account for

4  Undeliverable Distributions until such Undeliverable Distributions become deliverable, is

5  claimed or is forfeited.  Nothing contained in the Plan shall require the Liquidating Trustee,

6  or anyone else, to attempt to locate the intended recipient of an Undeliverable Distribution.

7          Any Holder of an Allowed Claim that does not present itself within six (6) months of

8  the Distribution Date upon which the Undeliverable Distribution was made shall be

9  deemed to have forfeited its right or Claim to or interest in the Undeliverable Distribution

10  and shall be forever barred and enjoined from asserting any Claim for the Undeliverable

11  Distribution against the Debtors and their Estates, the Liquidating Trustee, the Liquidating

12  Trust, and their respective agents, attorneys, representatives, employees or independent

13  contractors, and/or any of its or their property.  In such cases, the Undeliverable

14  Distribution and accrued interest thereon shall become property of the Liquidating Trust

15  free and clear of any restrictions thereon and notwithstanding any federal or state escheat

16  laws to the contrary and shall be distributed in accordance with the terms of this Plan.

17          **D.     Rounding of Payments**

18          The Liquidating Trustee shall not be required to make Distributions or payments of

19  fractions of dollars.  Whenever any payment of a fraction of a dollar under this Plan would

20  otherwise be called for, the actual payment shall reflect a rounding of such fraction to the

21  nearest whole dollar (up or down), with half dollars being rounded down.

22          **E.     Interest on Claims**

23          Unless otherwise specifically provided for in the Plan, post-petition interest shall not

24  accrue or be paid on any Claims, and no Holder of a Claim shall be entitled to interest

25  accruing on or after the Petition Date on any Claim.

26          **F.     Compliance with Tax Requirements**

27          In connection with this Plan and all Distributions under this Plan, the Liquidating

28  Trustee shall, to the extent applicable, comply with all tax withholding, payment and

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  reporting requirements imposed by federal, state, or local taxing authorities.  The

2  Liquidating Trustee shall be authorized to take any and all actions that may be necessary

3  or appropriate to comply with such withholding, payment, and reporting requirements.  All

4  amounts properly withheld from Distributions to a Holder of a Claim as required by

5  applicable law and paid over to the applicable taxing authority for the account of such

6  Holder shall be treated as part of the Distributions to such Holder.  All persons holding

7  Claims shall be required to provide any information necessary to effect information

8  reporting and withholding of such taxes.  If such information has not been received by the

9  Liquidating Trustee, then the Liquidating Trustee may, at his option, withhold the amount

10  required and distribute the balance to such Holder or decline to make the Distribution until

11  the information is received.

12        Notwithstanding any other provision of the Plan, (a) each Holder of an Allowed

13  Claim that is to receive a Distribution pursuant to this Plan shall have sole and exclusive

14  responsibility for the satisfaction and payment of any tax obligations imposed by any

15  governmental unit, including income, withholding, and other tax obligations, on account of

16  such Distribution, and (b) no Distribution shall be made to or on behalf of such Holder

17  pursuant to the Plan unless and until such Holder has made arrangements satisfactory to

18  the Liquidating Trustee for the payment and satisfaction of such withholding tax

19  obligations or such tax obligation that would be imposed upon the Liquidating Trustee in

20  connection with such Distribution.  Any property to be distributed pursuant to the Plan

21  shall, pending implementation of such arrangements, be treated as an Undeliverable

22  Distribution pursuant to Section IV.C. above.

23        **G.      De Minimis Distributions**

24        The Liquidating Trustee shall not have any obligation to make a Distribution on

25  account of an Allowed Claim if the amount to be distributed to the specific Holder of the

26  Allowed Claim on a Distribution Date is for an amount of $5.00 or less, and may, at the

27  Liquidating Trustee's option, either add the Distribution to the next Distribution if the

28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  collective amount would be greater than $5.00, or treat the Distribution as an

2  Undeliverable Distribution.

3  **H.**   **Setoffs**

4      Except as otherwise provided in the Plan, the Liquidating Trustee may, pursuant to

5  11 U.S.C. § 553 or applicable non-bankruptcy law, but shall not be required to, set off

6  against any Allowed Claim and the Distribution to be made pursuant to the Plan on

7  account of such Allowed Claim any account stated, Claim, right, or Cause of Action which

8  the Debtors or the Estates possess against the Holder of such Allowed Claim; provided,

9  however, that neither the failure to effect such a setoff nor the allowance of any Claim

10  shall constitute a waiver or release by the Liquidating Trustee of any such account, Claim,

11  right, and Cause of Action that the Debtors of the Estates may possess against the Holder

12  of such Allowed Claim.

13  **I.**   **Limitation on Liability**

14      The Trustee, the Committee, the Liquidating Trustee, and any of their respective

15  employees, members, officers, directors, shareholders, agents, or professionals shall not

16  be liable for (i) any acts or omissions, except for willful misconduct, in connection with

17  implementing the Distribution provisions of the Plan and the making or withholding of

18  Distributions under the Plan, or (ii) any change in the value of Distributions made under

19  the Plan resulting from any delays in making such Distributions in accordance with the

20  terms of the Plan (including, but not limited to, any delays caused by the resolution of

21  Disputed Claims).

22  **V.**   **CLAIM OBJECTIONS AND DISPUTED CLAIMS**

23      THE BAR DATE FOR FILING A PROOF OF CLAIM IN THIS CASE BY

24  CLAIMANTS WHOSE CLAIMS WERE NOT SCHEDULED OR WERE SCHEDULED

25  AS DISPUTED, CONTINGENT OR UNLIQUIDATED WAS  MARCH 20, 2009.

26  **A.**   **Standing**

27      As of the Effective Date, the Liquidating Trustee shall have the sole and exclusive

28  right to file objections to Claims.  The Liquidating Trustee may settle or compromise any

Smiley, Weiland, Golden,
Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  Disputed Claim without approval or order of the Court, notice, or hearing.  The Liquidating

2  Trustee shall replace the Trustee or the Debtors as the real party in interest in any

3  objections to Claims commenced prior to the Effective Date.

4      **B.**   **Claims Objection Deadline**

5      Unless extended by the Court, any objection to a Claim must be filed with the Court

6  and served on the Holder of the Claim within one hundred eighty (180) days of the

7  Effective Date (the "Claims Objection Deadline").  The Liquidating Trustee may seek an

8  extension of the Claims Extension Deadline upon a showing of "cause."  Any Motion for

9  an extension of the Claims Objection Deadline must be Filed with the Court prior to the

10  Claims Objection Deadline, as the same may be extended, and served on the OUST.

11  There is no limit to the number of extensions that may be sought.

12      **C.**   **No Distribution Pending Allowance**

13      Notwithstanding any other provision of the Plan, no payments or Distributions shall

14  be made with respect to all or any portion of a Disputed Claim unless and until all

15  objections to such Disputed Claim have been settled or withdrawn or have been

16  determined by Final Order, and the Disputed Claim, or some portion thereof, has become

17  an Allowed Claim; provided, however, that if the only dispute regarding a Disputed Claim

18  is to the amount of the Disputed Claim, the Holder of a Disputed Claim shall be entitled to

19  a Distribution on account of that portion of the Disputed Claim which the Liquidating

20  Trustee does not dispute at the time and in the manner that the Liquidating Trustee makes

21  Distributions to the Holders of Allowed Claims pursuant to the provisions of the Plan.

22      **D.**   **Reserves for Disputed Claims**

23      In the event that Disputed Claims are pending at the time of a Distribution under

24  the Plan, the Liquidating Trustee shall establish and maintain a reserve for such Disputed

25  Claims.  For purposes of establishing a reserve, Cash will be set aside equal to the

26  amount that would have been distributed to the Holders of the Disputed Claims had the

27  Disputed Claims been Allowed on the date a Distribution is made to the Holders of

28  Allowed Claims in the same Class or of the same priority as the Disputed Claims.  If a

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  Disputed Claim ultimately becomes an Allowed Claim, the amount of Cash reserved for

2  that Disputed Claim shall be distributed on the earlier of (a) the Distributed Date following

3  the date when the Disputed Claim becomes an Allowed Claim, or (b) ninety (90) days

4  after such Disputed Claim becomes an Allowed Claim.  Any reserved Cash not ultimately

5  distributed to the Holder of a Disputed Claim because the Disputed Claim does not

6  become an Allowed Claim shall become property of the Liquidating Trust shall be

7  distributed in accordance with the terms of the Plan.

8  **VI.    MECHANIC'S LIENS**

9          Notwithstanding any contrary provision in the Plan, any disputes concerning the

10  validity, priority, or extent of a mechanic's lien asserted against one or more of the

11  Properties shall be resolved by the commencement of an adversary proceeding pursuant

12  to Bankruptcy Rule 7001 in the Court, or by the commencement of an action in a

13  California state court of competent jurisdiction (in either forum, a "Mechanic's Lien

14  Action").  Only the Liquidating Trustee, LCPI, and Fidelity shall have standing to

15  commence and prosecute a Mechanic's Lien Action.  All parties with standing under

16  applicable bankruptcy or state law to defend or otherwise appear in a Mechanic's Lien

17  Action shall be entitled to do so, except as specified below.  In addition to any Person

18  entitled to notice under applicable law, the commencement of a Mechanic's Lien Action

19  shall be noticed on the respective counsel for the Liquidating Trustee, LCPI, and Fidelity,

20  to the extent such party has not commenced the Mechanic's Lien Action.

21          To the extent it has not been previously terminated and to the extent necessary,

22  the automatic stay of 11 U.S.C. § 362 shall terminate on the Effective Date to allow LCPI

23  and/or Fidelity to commence a Mechanic's Lien Action and to prosecute such Mechanic

24  Lien Action through a final judgment, and to allow any party with standing under

25  applicable bankruptcy or state law to defend or otherwise appear in a Mechanic's Lien

26  Action to do so.  However, the automatic stay shall remain in effect with respect to the

27  enforcement of any final judgment obtained in a Mechanic's Lien Action against the

28  Estates, the Trustee, the Liquidating Trust, the Liquidating Trustee and/or their property,

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1 except as may otherwise be provided by the Plan.   Until the validity, priority or extent of a

2 mechanic's lien has been determined by Final Order, the Claim(s) asserted by the

3 Mechanic's Lien Claimant shall be treated as Disputed Claims for purposes of this Plan.

4      Nothing herein shall affect, impair, or restrict the rights of the Trustee or the

5 Liquidating Trustee to otherwise object to any Proofs of Claim filed by Mechanic's Lien

6 Claimants.

7 **VII.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

8      **A.    Assumption and Assignment**

9      Under the Plan, the Properties will be sold.  As a result, the Trustee will assume

10 only those executory contracts and unexpired leases to be assigned to the Winning Bidder

11 with respect to each Property.

12      On the Effective Date, the executory contracts and unexpired leases identified on

13 the Schedule of Assumed and Assigned Agreements attached or to be attached hereto as

14 Exhibit "4," or filed or to be filed as Exhibit "4" to this document shall be deemed assumed

15 and assigned to the applicable Winning Bidder, as specified in the Confirmation Order.

16 The Trustee intends to file the Schedule of Assumed and Assigned Agreements with the

17 Court no later than twenty-eight (28) days prior to the Confirmation Hearing.  The

18 Schedule of Assumed and Assigned Agreements also identifies or will identify any

19 amounts that must be paid to cure defaults under the executory contracts and unexpired

20 leases to be assumed and assigned under the Plan (the "Cure Amount").  If filed earlier,

21 the Trustee reserves the right to amend the Schedule of Assumed Agreements up to

22 twenty-eight (28) days prior to the Confirmation Hearing (March 4, 2011) to: (a) add any

23 executory contract or unexpired lease and provide for its assumption and assignment; or

24 (b) modify the Cure Amount for any particular executory contract or unexpired lease.  The

25 Trustee further reserves the right to amend the Schedule of Assumed Agreements to

26 delete any executory contract or unexpired lease and provide for its rejection at any time

27 prior to the Confirmation Hearing.  The Trustee will provide notice of any amendment to

28 the Schedule of Assumed and Assigned Agreements to any party or parties to the

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  executory contracts or unexpired leases affected by the amendment. Absent a timely

2  objection as provided below, the Confirmation Order will constitute a Court order

3  approving the assumption and assignment, on the Effective Date, of the executory

4  contracts and unexpired leases then identified on the Schedule of Assumed and Assigned

5  Agreements, and shall constitute a final determination of the Cure Amount and that the

6  Trustee has shown adequate assurance of future performance. Furthermore, any Cure

7  Amount ordered by the Court, through entry of the Confirmation Order, and paid shall be

8  deemed to satisfy any and all defaults arising from, out of or related to the executory

9  contract or unexpired lease, including any tort claims that were or could be asserted by

10  the non-debtor party to the contract or lease on or prior to the entry of the Confirmation

11  Order, and all actual or pecuniary losses that have resulted from such defaults.

12      If you are a party to an executory contract or unexpired lease to be assumed and

13  assigned and you object to the assumption and assignment of your lease or contract

14  and/or you dispute the Cure Amount related to your lease or contract, then you must File

15  and serve upon counsel for the Trustee (Weiland, Golden, Smiley, Wang Ekvall & Strok,

16  LLP, attn: Robert S. Marticello, Esq., 650 Town Center Drive, Suite 950, Costa Mesa,

17  California 92626) a written objection by March 14, 2011, as provided in Section I.B.3. of

18  the Disclosure Statement. An objection to the Cure Amount must also set forth the

19  amount you contend to be the correct Cure Amount and contain evidence to support such

20  amount. Failure to timely File an objection as provided herein shall be deemed consent to

21  the proposed assumption and assignment and to the Cure Amount and a waiver of any

22  and all rights to challenge such assumption and assignment and the Cure Amount.

23      With respect to each executory contract and unexpired lease identified on the

24  Schedule of Assumed and Assigned Agreements, if no dispute arises regarding the Cure

25  Amount, adequate assurances, or some other matter related to the assumption of the

26  executory contract or unexpired lease, then the Cure Amount set forth in the Schedule of

27  Assumed and Assigned Agreements shall be paid to the applicable non-debtor party in

28  Cash on the Effective Date or as soon as reasonably practicable thereafter. If a dispute

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  arises regarding (a) whether the Trustee has provided adequate assurance of future

2  performance of an executory contract or unexpired lease to be assumed, or (b) any other

3  matter pertaining to a proposed assumption and assignment, the Cure Amount will be

4  paid on the later of (1) the Effective Date or as soon as practicable thereafter, or (2) within

5  thirty (30) days after entry of a Final Order resolving the dispute and approving the

6  assumption and assignment; provided, however, if a dispute arises regarding any of the

7  foregoing, the Trustee reserves for himself and the Liquidating Trustee the right to

8  completely forego assumption and assignment of and, instead, reject the subject

9  executory contract or unexpired lease.

10      If a party to an executory contract or unexpired lease identified on the Schedule of

11  Assumed  and Assigned Agreements Files an objection disputing the Cure Amount, then

12  the Trustee may amend the Schedule of Assumed and Assigned Agreements at any time

13  prior to the Confirmation Hearing to delete the subject executory contract or unexpired

14  lease and provide for its rejection.  Executory contracts or unexpired leases not so deleted

15  shall be conditionally assumed, subject to the Liquidating Trustee's right to file a Motion to

16  determine the appropriate Cure Amount up to the first (1st) Business Day that is at least

17  sixty (60) days following the Effective Date.  The Liquidating Trustee will serve any such

18  Motion on the party to the executory contract or unexpired lease affected by the Motion (or

19  its attorney, if any).  If the Liquidating Trustee does not file a Motion to determine the

20  appropriate Cure Amount, then the executory contract or unexpired lease shall be

21  assumed and assigned, as of the Effective Date, and the Cure Amount shall be the

22  alternative Cure Amount asserted by the non-debtor party to the subject executory

23  contract or unexpired lease in its objection to the Plan.  The Cure Amount shall be paid as

24  soon as reasonably practicable following the expiration of the 60-day deadline.

25      If the Liquidating Trustee files a Motion to determine the appropriate Cure Amount,

26  then the Liquidating Trust shall have the right to amend the Schedule of Assumed and

27  Assigned Agreements to completely forego assumption and assignment of and, instead,

28  reject the subject executory contract or unexpired lease up to the first (1st) Business Day

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  that is at least fifteen (15) days after the entry of an order fixing the Cure Amount.  The

2  Liquidating Trustee will provide notice of any amendment to the Schedule of Assumed

3  and Assigned Agreements to the party to the executory contract or unexpired lease

4  affected by the amendment.  If the Liquidating Trustee has filed such a Motion and does

5  not timely amend the Schedule of Assumed and Assigned Agreements within fifteen (15)

6  days after entry of an order fixing the Cure Amount, then the executory contract or

7  unexpired lease shall be assumed and assigned, as of the Effective Date, and the Cure

8  Amount shall be fixed as the Cure Amount ordered by the Court.  The Cure Amount as

9  soon as reasonably practicable following the expiration of the 15-day deadline.

10     **B.    Rejections**

11          On the Effective Date, the Trustee will be deemed to have rejected any and all

12  executory contracts and unexpired leases <u>not</u> identified on the Schedule of Assumed and

13  Assigned Agreements attached  or to be attached hereto as Exhibit "4," or filed or to be

14  filed as Exhibit "4" to this document.  The Confirmation Order will constitute a Court order

15  approving the rejection, as of the Effective Date, of such executory contracts and

16  unexpired leases.  Any Claim for damages arising from the rejection under the Plan of any

17  executory contract or unexpired lease must be Filed with the Court and served upon the

18  Liquidating Trustee and his counsel within thirty (30) days of the later of (a) the

19  Confirmation Date, and (b) the Liquidating Trustee's amendment of the Schedule of

20  Assumed and Assigned Agreements to eliminate the executory contract or unexpired

21  lease.  Any such damage Claims that are not timely Filed and served will be forever

22  barred and unenforceable against the Debtors, the Estates, the Trustee, the Liquidating

23  Trust, the Liquidating Trustee and their respective property.  Persons holding these

24  Claims who fail to timely File Claims will be barred from receiving any Distributions under

25  the Plan on account of their requested damage Claims.

26          If you are a party to a lease or contract to be rejected and you object to the

27  rejection of your lease or contract, then you must File and serve your objection by March

28  14, 2011, as provided in Section I.B.3. of the Disclosure Statement.

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

VIII.    **PRESERVATION OF CAUSES OF ACTION AND AVOIDANCE ACTIONS**

The Trustee reserves for the Estates and the Liquidating Trust all rights to commence and pursue, as appropriate, any and all Causes of Action and Avoidance Actions, whether arising prior to or after the Petition Date, in any court or other tribunal, including without limitation, in an adversary proceeding Filed in the Court, except those Causes of Action and Avoidance Actions released under the Amended Term Sheet.  On the Effective Date, the Liquidating Trustee will be vested with authority to enforce, file, litigate, prosecute, settle and collect with respect to Causes of Action and Avoidance Actions, although he will not be required to do so and the determination of whether to do so will be made solely by the Liquidating Trustee in his absolute discretion.  With respect to any Causes of Action and/or Avoidance Actions commenced prior to the Effective Date to which any or all of the Debtors and/or the Trustee is a party, the Liquidating Trustee shall replace and stand in the shoes of such Debtors and/or the Trustee as the real party in interest.

While the Trustee has attempted to identify Causes of Action and Avoidance Actions in the Disclosure Statement which may be pursued, and hereby incorporates by reference those disclosures and provisions, the failure to list any potential Cause of Action or Avoidance Action, generally or specifically, is not intended to limit the rights of the Liquidating Trustee to pursue such Cause of Action or Avoidance Action.  Unless a Cause of Action or Avoidance Action against any Person is expressly waived, relinquished, released, compromised or settled as provided or identified in the Plan, any Confirmation Order or prior order of the Court, the Trustee expressly reserves any Causes of Action and Avoidance Actions for later adjudication.  Therefore, no preclusion doctrine, including, without limitation, the doctrine of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise) or laches shall apply to such Causes of Action or Avoidance Actions upon or after Confirmation or consummation of the Plan.  All Avoidance Actions and other Causes of Action are preserved under the Plan for the

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1  benefit of the Estates.  Any recoveries from Avoidance Actions and/or other Causes of

2  Action will be paid to the Liquidating Trust.

3      ANY CREDITORS THAT BELIEVE THEY RECEIVED A TRANSFER OR SETOFF

4  THAT IS AVOIDABLE UNDER THE CODE OR THAT HOLDS A CLAIM AGAINST THE

5  ESTATES THAT COULD BE SUBJECT TO AN OBJECTION BASED UPON FAILURE

6  TO RETURN AN AVOIDABLE TRANSFER OR SETOFF, ARE DIRECTED TO REVIEW

7  THEIR RECORDS AND/OR THE DEBTORS' SCHEDULES FOR FURTHER

8  INFORMATION.  HOWEVER, ALL RIGHTS OF THE DEBTORS AND THE ESTATES

9  ARE RESERVED WITH RESPECT TO ANY AND ALL TRANSFERS OR SETOFFS

10 WHICH MAY BE AVOIDABLE UNDER THE BANKRUPTCY CODE.

11 **IX.    RETENTION OF JURISDICTION**

12      The Court will retain exclusive jurisdiction during the Plan payout period to resolve

13 disputes and conflicts arising from the administration of the Plan, upon request of a party-

14 in-interest and after notice and a hearing, including, without limitation:

15      a.    The adjudication of the validity, scope, classification, allowance, and

16            disallowance of any Claim;

17      b.    The estimation of any Claim;

18      c.    The allowance or disallowance of Professional-Fee Claims,

19            compensation, or other Administrative Expense Claims;

20      d.    To hear and determine Claims concerning taxes pursuant to

21            Bankruptcy Code §§ 346, 505, 525, and 1146;

22      e.    To hear and determine any action or proceeding brought under

23            Bankruptcy Code §§ 108, 510, 543, 544, 545, 547, 548, 549, 550,

24            551, and 553;

25      f.    To hear and determine all actions and proceedings which relate to

26            pre-confirmation matters;

27      g.    To hear and determine any issue relating to the assumption or

28            rejection of executory contracts and unexpired leases;

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    h.    To hear and determine any modification to the Plan in accordance

2    with the Bankruptcy Rules and the Bankruptcy Code;

3    i.    To enforce and interpret the terms of the Plan;

4    j.    To correct any defects, cure any omissions, or reconcile any

5    inconsistency in the Plan or the Confirmation Order as may be

6    necessary to carry out the purpose and intent of the Plan;

7    k.    The entry of any order, including injunctions, necessary to enforce

8    title, rights and powers of the Liquidating Trust, and to impose such

9    limitations, restrictions, terms and conditions on such title, rights and

10    powers as the Court may deem necessary including, without

11    limitation, any right of the Liquidating Trust to recover and liquidate

12    assets;

13    l.    To determine the validity, extent and priority of all liens and security

14    interests against property of the Estates or the Liquidating Trust;

15    m.    To hear and resolve any disputes regarding employment applications

16    and professional fees;

17    n.    To hear and determine such matters and make such orders as are

18    consistent with the Plan as may be necessary to carry out the

19    provisions thereof and to adjudicate any disputes arising under or

20    relating to any order entered by the Court in these Cases;

21    o.    The entry of an order concluding and terminating these Cases; and

22    p.    To resolve any disputes as to whether there has been a default under

23    the Plan.

24    **X.    EFFECT OF CONFIRMATION**

25    **A.    Discharge**

26    Confirmation of the Plan does not discharge the Debtors as set forth in Bankruptcy

27    Code § 1141.

28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

## B.    Revesting of the Assets

The Assets shall not be vested in the Debtors on or following the Effective Date, but shall be vested in the Liquidating Trust and continue to be subject to the jurisdiction of the Court following confirmation of the Plan until such Assets are distributed to the Holders of Allowed Claims in accordance with the provisions of the Plan.

## C.    Dissolution of the Committee

On the Effective Date and except as set forth below, the Committee shall terminate and disband and the members of the Committee shall be released and discharged of and from all further authority, duties, responsibilities and obligations related to and arising from their service as Committee members.  The Professionals retained by the Committee and the members thereof shall not be entitled to compensation or reimbursement of expenses for any services rendered after the Effective Date, except for (1) services provided and expenses incurred in connection with any applications by such Professionals or Committee members for allowance of compensation and reimbursement of expenses pending on the Effective Date or timely Filed after the Effective Date in accordance with the Plan, and (2) services provided and expenses incurred as requested by the Committee in connection with such Professional-Fee Claims, as approved by the Court.

## D.    Exculpation and Releases

Effective upon the entry of the Confirmation Order, neither the Trustee, the Committee, LCPI, the 1st Lien Lenders, the Professionals, nor any of their respective members, officers, directors, shareholders, employees, or agents, shall have or incur any liability to any Person, including any creditor or Interest Holder of the Debtors, for any act taken or omission made in connection with or related to the negotiation, formulation, or preparation of the Plan and the Disclosure Statement, the approval of the Disclosure Statement, the confirmation of the Plan, the consummation of the Plan, or the administration of the Plan, the Cases, or the property to be distributed under the Plan, to the fullest extent permitted by applicable statutes and case law, except that the

Welland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1    Liquidating Trust will be liable for the performance of obligations assumed by it or imposed

2    upon it under or by the Plan.

3    **E.    Modification of the Plan**

4    The Trustee may modify the Plan at any time before confirmation.  If the Plan is

5    modified, however, the Court may require a new Disclosure Statement or re-voting on the

6    Plan depending on the nature of the modifications and their effect on parties in interest.

7    The Liquidating Trustee may seek to modify the Plan at any time after confirmation if (a)

8    the Plan has not been substantially consummated, and (b) the Court, after notice and a

9    hearing, authorizes the proposed modification.

10    **F.    Post-Confirmation Status Report**

11    Within 120 days of the entry of the Confirmation Order, the Liquidating Trustee

12    shall file a status report with the Court explaining what progress has been made towards

13    consummation of the confirmed Plan.  The status report shall be served on the OUST, the

14    twenty (20) largest creditors for each Estate, counsel for the Committee, counsel for LCPI,

15    and the parties who have requested special notice.  Further status reports shall be filed

16    every 120 days and served on the same entities.

17    **G.    Quarterly Fees**

18    Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) prior to confirmation shall be

19    paid to the OUST on or before the Effective Date.  Quarterly fees accruing under 28

20    U.S.C. § 1930(a)(6) after confirmation shall be paid to the OUST by the Liquidating

21    Trustee from the assets of the Liquidating Trust until a final decree, or the entry of an

22    order dismissing the Cases or converting the Cases to chapter 7, at the rate in effect at

23    the time such fees are due.

24    **H.    Post-Confirmation Conversion/Dismissal**

25    After the Plan is confirmed, a creditor or party in interest may bring a Motion, only

26    after notice and a hearing, to convert or dismiss the Cases under Bankruptcy Code

27    § 1112(b) if there is a material default in performing the Plan.  If the Court orders the

28    Cases converted to chapter 7 after the Plan is confirmed, then all property that had been

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  property of the Estates and transferred to the Liquidating Trust, and that has not been

2  distributed under the Plan will revest in the chapter 7 estates.  The automatic stay will be

3  reimposed upon the revested property only to the extent that relief from stay was not

4  previously authorized by the Court during the Cases.

5    The Confirmation Order may also be revoked under very limited circumstances.

6  The Court may revoke the Confirmation Order if it was procured by fraud and if a party in

7  interest brings an adversary proceeding to revoke the confirmation within 180 days after

8  the entry of the Confirmation Order.

9    **I.    Final Decree**

10    Once the Estates have been fully administered as referred to in Bankruptcy Rule

11  3022, the Liquidating Trustee will File a Motion with the Court to obtain a final decree

12  closing the Cases.

13

14  Dated:  January 7, 2011

15

WEILAND, GOLDEN,
SMILEY, WANG EKVALL & STROK, LLP

16  By: _____

17  ROBERT S. MARTICELLO
Attorneys for Alfred H. Siegel,
Chapter 11 Trustee

18

19

20

21

22

23

24

25

26

27

28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

**TABLE OF DEFINITIONS**

**"50/50 Distribution Scheme"** means the 50/50 split of Net Other Recoveries by the 1st Lien Lenders and the Estates.

**"1st Lien Lenders"** means the first-position secured lenders pursuant the First Lien Credit Agreement for which LCPI is the administrative agent.

**"1st Lien Lenders Allowed Claim"** means the Allowed Claim of the 1st Lien Lenders in the aggregate amount of $230,006,233.98, plus accrued and unpaid interest calculated through September 10, 2008, and accrued and unpaid legal fees.

**"1st Lien Lenders' Deficiency Claim"** means the amount of the 1st Lien Lenders' Claim not determined to be a Secured Claim pursuant to the Plan.

**"2nd Lien Lenders"** means the second-position secured lenders pursuant to the Second Lien Credit Agreement for which Gramercy is the administrative agent.

**"2nd Lien Lenders' Deficiency Claim"** means the amount of the 2nd Lien Lenders' Claim not determined to be a Secured Claim pursuant to the Plan.

**"3rd Lien Lenders"** means the third-position secured lenders pursuant to the Third Lien Credit Agreement for which Square Mile is the administrative agent.

**"3rd Lien Lenders' Unsecured Deficiency Claim"** means the amount of the 3rd Lien Lenders' Claim not determined to be a Secured Claim pursuant to the Plan.

**"Abandonment Motion"** means the Trustee's motion to abandon the Parent Debtor's membership interests in Patterson Ranch.

**"Administrative Claim"** means a Claim against the Debtors for administrative costs or expenses that are allowable under Bankruptcy Code § 503(b).

**"Administrative Funds"** means the $3.5 million of the Development Account Funds and the Trustee's 50% share of the Yucaipa Funds retained by the Trustee free and clear of any liens, Claims, interests, and encumbrances pursuant to the Amended Term Sheet.

**"Administrative Tax Claim"** means an Administrative Claim or other Claim that is not an Allowed Secured Claim and that a government unit asserts against Debtors for

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1    taxes (or for related interest or penalties) for any tax period that, either in whole or in part,

2    falls within the period beginning on the Petition Dates and ending on the Effective Date.

3        **"Aggregate Maximum Credit Bid Amount"** means the maximum amount of the

4    1st Lien Lenders' aggregate credit bid for the Properties established by the Trustee, the

5    Committee, and LCPI prior to the Settlement Effective Date.

6        **"Aggregate Minimum Credit Bid Amount"** means $45,000,000.00.

7        **"Allocated Maximum Credit Bid Amount"** means the maximum amount of the 1st

8    Lien Lenders' credit bid for each Property established by the Trustee, the Committee, and

9    LCPI prior to the Settlement Effective Date.

10       **"Allocated Minimum Credit Bid Amount"** means the minimum amount of the 1st

11   Lien Lenders' credit bid for each Property established by the Trustee, the Committee, and

12   LCPI prior to the Settlement Effective Date.

13       **"Allowed Claim"** means a Claim against the Debtors, other than an Administrative

14   Claim, to the extent that:

15       a.    Either: (i) a Proof of Claim was Filed by the Bar Date; or (ii) a Proof of Claim

16             is deemed timely Filed either under Bankruptcy Rule 3003(b)(1) or by a Final

17             Order; and

18       b.    Either: (i) the Claim is not a Disputed Claim; (ii) the Claim is allowed by a

19             Final Order; or (iii) the Claim is allowed under the Plan.

20       **"Allowed [Class Designation and/or Secured, Priority, or General Unsecured**

21   **or Trade] Claim"** means an Allowed Claim in the specified Class and/or of the specified

22   type.

23       **"Amended Term Sheet"** means the Binding Amended and Restated Term Sheet

24   Among LCPI as Administrative Agent for the 1st Lien Lenders, LCPI as the 2nd Lien

25   Lender, LCPI as the 3rd Lien Lender, the Official Committee of Unsecured Creditors, and

26   the Chapter 11 Trustee dated as of August 18, 2010, and attached to the Plan as Exhibit

27   "1."

28

1    **"Amendment"** means that certain Fourth Amendment and Waiver to the First Lien

2    Credit Agreement dated January 31, 2008.

3    **"Appeal"** means the LCPI's appeal of the Cash Collateral Order.

4    **"Approved Broker"** means broker or brokers selected by the Trustee, the

5    Committee, and LCPI to market and sell the Properties.

6    **"Assets"** means all tangible and intangible assets and property of every kind and

7    nature of the Debtors and/or their Estates, and all proceeds thereof, existing as of the

8    Effective Date.

9    **"Assigned 1st Lien Lenders' Unsecured Deficiency Claim(s)"** means the 1st

10    Lien Lenders' Allowed Unsecured Deficiency Claim(s) deemed assigned pursuant to

11    Section II.E.4.a.iii. of the Plan.

12    **"Assigned LCPI 2nd Lien Lender Unsecured Deficiency Claim(s)"** means the

13    2nd Lien Lender Unsecured Deficiency Claim of LCPI deemed assigned pursuant to

14    Section II.E.4.b. of the Plan.

15    **"Assigned LCPI 3rd Lien Lender Unsecured Deficiency Claim(s)"** means the

16    3rd Lien Lender Unsecured Deficiency Claim of LCPI deemed assigned pursuant to

17    Section II.E.4.b. of the Plan.

18    **"Auction"** means the auction sale of the Properties.

19    **"Available Cash"** means all Cash resulting from or constituting (a) the Trade

20    Creditor Allocation, (b) the Trustee's Participation, and (c) the Administrative Funds, less

21    (d) the amount necessary or estimated and reserved to pay in full (i) any Allowed

22    Administrative Expense Claims and Allowed Unsecured Priority Claims, (ii) the reasonable

23    fees and costs of the Liquidating Trustee and the Liquidating Trustee Professionals; (iii)

24    the Holders of all Disputed Claims against the Debtors the amount such Holders would be

25    entitled to receive under the Plan if all such Disputed Claims against the Debtors were to

26    become Allowed Claims, (iv) all fees payable under section 1930 of chapter 123 of title 28

27    of the United States code, (v) all other amounts required to be paid to manage and/or

28    liquidate the Debtors' assets on or after the Effective Date.

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1    **"Avoidance Action"** means Causes of Action arising under 11 U.S.C. §§ 510,

2    541, 542, 544, 545, 547, 548, 549, 550, 551 and/or 553, or under related state or federal

3    statutes and common law, including, without limitation, fraudulent transfer laws, whether

4    or not litigation is commenced to prosecute such Causes of Action.

5    **"Bankruptcy Code" or "Code"** means Title 11 of the United States Code, as

6    amended.

7    **"Bankruptcy Rules"** means the Federal Rules of Bankruptcy Procedure.

8    **"Bar Date"** means the last date for filing Proofs of Claim in the Debtors' Cases.

9    The Bar Date was March 20, 2009.

10   **"Bar Date Motion"** means the Trustee's motion to establish the last date for filing

11   proofs of claim in the Debtors' Cases.

12   **"Bar Date Notice"** means form of notice of the Bar Date attached as Exhibit "1" to

13   the Bar Date Order.

14   **"Bar Date Order"** means the order of the Court granting the Bar Date Motion.

15   **"Bond Companies"** collectively refers to Bond Safeguard Insurance Co. and

16   Lexon Insurance Co.

17   **"Bond  Indemnification Claims"** means all Claims asserted by one or more of the

18   Bond Companies for indemnification.

19   **"Business Day"** means any day, other than a Saturday, a Sunday or a "legal

20   holiday," as defined in Rule 9006(a) of the Bankruptcy Rules.

21   **"Cases"** means the Debtors' involuntary cases under chapter 11 of the Bankruptcy

22   Code that are pending before the United States Bankruptcy Court for the Central District

23   of California, Santa Ana Division, as Case Nos. 8:08-bk-15637-ES; 8:08-bk-15639-ES;

24   and 8:08-bk-15640-ES.

25   **"Cash"** means legal tender of the United States of America.

26   **"Cash Collateral Order"** means the Order Granting Motion for Order Authorizing

27   Use of Cash Collateral Through September 30, 2010, entered on June 25, 2010.

28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1       **"Cause of Action"** mean, without limitation, any and all actions, causes of action,

2 controversies, liabilities, obligations, rights, suits, damages, judgments, Claims (as defined

3 in Code § 101(5)) and demands whatsoever, whether known or unknown, reduced to

4 judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed

5 or undisputed, secured or unsecured, assertable directly or derivatively, existing or

6 hereafter arising, in law, equity, or otherwise that any Debtor and/or Estate may hold

7 against any Person as of the Effective Date.

8       **"Claim"** means a claim, as the term "claim" is defined in Bankruptcy Code

9 § 101(5), against one or more of the Debtors.

10       **"Claims Objection Deadline"** means the date that is one hundred eighty (180)

11 days after the Effective Date.

12       **"Class"** or **"Class of Claims or Interests"** means a group of Claims or Interests

13 as classified under the Plan.

14       **"Committee"** means the Official Committee of Creditors Holding Unsecured

15 Claims.

16       **"Confirmation Date"** means the date on which the Court enters the Confirmation

17 Order on its docket.

18       **"Confirmation Hearing"** means the hearing held by the Court on the confirmation

19 of the Plan.

20       **"Confirmation Order"** means the Court order confirming the Plan under

21 Bankruptcy Code § 1129.

22       **"Court"** means the United States Bankruptcy Court for the Central District of

23 California, Santa Ana Division.

24       **"Crowe Horwath"** means Crowe Horwath LP.

25       **"Cure Amount"** means any amounts that must be paid to cure defaults under the

26 executory contracts and unexpired leases to be assumed under the Plan.

27

28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  **"Debtors"** collectively refers to LBREP/L-SunCal Master I LLC, LBREP/L-SunCal

2  McAllister Ranch LLC, LBREP/L-SunCal McSweeny Farms LLC, and LBREP/L-SunCal

3  Summerwind Ranch LLC.

4  **"Development Account"** means the Development Account established under the

5  Lien Credit Agreements.

6  **"Development Account Funds"** means the Cash originally held in the

7  Development Account.

8  **"Disclosure Statement"** means this Disclosure Statement, as the same may be

9  amended or modified from time to time.

10  **"Disputed Claim"** means all or any part of a Claim as to which any one of the

11  following applies: (i) no Proof of Claim has been filed with respect to such Claim, and the

12  Claim is listed in the Schedules as unliquidated, disputed, contingent or unknown, or; (ii)

13  the Claim is the subject of a timely objection or request for estimation which is filed on or

14  before the Claims Objection Deadline, which objection or request for estimation has not

15  been withdrawn or determined by a Final Order.  In addition, prior to the earlier of: (a) the

16  Claims Objection Deadline, and (b) such date as the Bankruptcy Court allows the Claim

17  pursuant to a Final Order, any Claim that is evidenced by a Proof of Claim shall be

18  deemed a Disputed Claim for purposes of calculating and making any Distributions under

19  this Plan if: (1) no Claim corresponding to the Proof of Claim is listed in the Schedules, (2)

20  the Claim corresponding to the Proof of Claim is listed in the Schedules as disputed,

21  contingent, unliquidated or unknown, (3) the amount of the Claim as specified in the Proof

22  of Claim exceeds the amount of any corresponding Claim listed in the Schedules as not

23  disputed, not contingent, and liquidated, but only to such extent, or (4) the priority or

24  classification of the Claim as specified in the Proof of Claim differs from the priority of any

25  corresponding Claim listed in the Schedules.

26  **"Distribution"** means any distribution pursuant to the Plan to the Holders of an

27  Allowed Claim.

28

Welland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

554636.1                                55                        TABLE OF DEFINITIONS