Mark E. McKane, State Bar No. 230552
mark.mckane@kirkland.com
Christopher W. Keegan, State Bar No. 232045
christopher.keegan@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone:    415 439-1400
Facsimile:    415 439-1500

Attorneys for
LBREP Lakeside SC Master I, LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No.  8:08-bk-15588-ES |
| LBREP/L-SunCal Master I LLC, *et al.*, | Chapter 11 Case |
| Debtors. | (Jointly Administered with Case Nos. 8:08-bk-15637-ES; 8:08-bk-15639-ES; and 8:08-bk-15640-ES) |
| _____Affects LBREP/L-SunCal Master I LLC Only | **LIMITED OBJECTION OF LBREP LAKESIDE SC MASTER I, LLC TO THE FIRST AMENDED CHAPTER 11 PLAN** |
| _____Affects LBREP/L- SunCal McAllister Ranch, LLC Only | |
| _____Affects LBREP/L- SunCal McSweeny Farms, LLC Only | CONFIRMATION HEARING<br>Date:      April 8, 2011 and<br>          April 22, 2011 |
| _____Affects LBREP/L- SunCal Summerwind Ranch, LLC Only | Time:      10:00 am<br>Dept:      Courtroom 5A<br>          411 West Fourth Street |
| _X_ Affects All Debtors. | Santa Ana, CA 92701<br>Judge:      Hon. Erithe A. Smith |

1    LBREP Lakeside SC Master I, LLC ("LBREP Lakeside"), referred to as "Lehman

2    Lakeside" in the First Amended Chapter 11 Plan (the "Plan"), hereby files this limited objection

3    (the "Limited Objection") and general reservation of rights to further object to confirmation of the

4    Plan.  In support of this Limited Objection, LBREP Lakeside respectfully states as follows:

5    **Background**

6    The chapter 11 cases were commenced by the filing of involuntary chapter 11 petitions

7    under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy

8    Code") on September 10 and 11, 2008 (the "Petition Dates").  On November 13, 2008, the Court

9    entered an order approving joint administration of the Debtors.  On October 30, 2008, the Court

10   entered an order approving the appointment of a trustee for these chapter 11 cases

11   (the "Trustee").

12   LBREP Lakeside is the 90% equity holder of the Debtors and is also a defendant to

13   certain of the Trustee's fraudulent transfer and related claims (the "Estate Claims") arising from

14   the 2006 recapitalization of the Debtors in which LBREP Lakeside and other equity holders

15   received a publicly disclosed $144 million dividend.  This transaction was arranged by Lehman

16   Brothers Inc. ("LBI") and sized and syndicated by its affiliate, Lehman Commercial Paper Inc.

17   ("LCPI").  LCPI was a defendant in the Trustee's proposed Estate Claims but has now entered

18   into a settlement agreement with the Trustee pursuant to which LCPI shall receive 50% of any

19   recovery from the Trustee's fraudulent transfer claims.

20   On January 7, 2011, the Trustee filed the Plan and the First Amended Disclosure

21   Statement Describing the First Amended Chapter 11 Plan (Dated January 7, 2011) (the

22   "Amended Disclosure Statement").  On January 27, 2011, the Court approved the Amended

23   Disclosure Statement in its Order Approving First Amended Disclosure Statement Describing

24   First Amended Chapter 11 Plan.

25   **Limited Objection**

26   LBREP Lakeside objects to the Plan to the extent that the exculpations and releases

27   proposed in Section X.D. of the Plan may be construed to release the potential indemnity and

28   contribution claims of LBREP Lakeside against LCPI and the First Lien Lenders.

1

1  As set forth in prior pleadings, LBREP Lakeside objected to the Trustee's Motion to

2  Approve Amended and Restated Compromise Between the Trustee, the Official Committee of

3  Unsecured Creditors, and Lehman Commercial Paper Inc., in its Individual Capacity and as

4  Administrative Agent for the First Lien Lenders (the "Compromise Motion") on, *inter alia*, the

5  ground that the releases provided by the settlement violate California law by potentially vitiating

6  LBREP Lakeside's rights to assert and recover on state law indemnity and contribution claims

7  against LCPI and the First Lien Lenders.  (Esser Decl.[1] Ex. 1 at 15-17.)

8  The order approving the Compromise Motion (the "Compromise Order"), entered on

9  January 27, 2011, and the record of these cases unambiguously establish that the settlement

10  embodied in the Compromise Motion does not affect the rights of entities not party to the

11  settlement.[2]  Specifically, the Compromise Order provides that "[n]otwithstanding anything to the

12  contrary in the Amended Term Sheet and this Order, nothing in the Amended Term Sheet is

13  intended to affect the rights, if any, of any Person, including the 2nd Lien Lenders other than the

14  LCPI 2nd Lien Lender, and the 3rd Lien Lenders other than the LCPI 3rd Lien Lender . . . ."

15  (Esser Decl. Ex. 3 at 4.)

16  Notwithstanding the preservation of third-party rights in the Compromise Order, the Plan

17  contains a release that arguably effectuates a release of LBREP Lakeside's potential claims

18  against LCPI and the First Lien Lenders.  The Plan provides that upon confirmation, neither LCPI

19  nor the First Lien Lenders "shall have or incur any liability to any Person, including any creditor

20  or Interest Holder of the Debtors, for any act taken or omission made in connection with or

21  related to . . . the administration of the Plan, the Cases, or the property to be distributed under the

22  Plan."  (Esser Decl. Ex. 4 at 47.)

23  Any recovery obtained by the Trustee through the Estate Claims will be shared evenly

24  between the First Lien Lenders and General Unsecured Creditors.  (Esser Decl. Ex. 4 at 18-19.)

25

---

26  [1]  "Esser Decl." refers to the Declaration of Michael P. Esser in Support of LBREP Lakeside SC Master I, LLC's Limited Objection to the First Amended Chapter 11 Plan, filed herewith.

27  [2]  Notably, the Trustee testified that the compromise was not intended to affect third-party rights.  (Esser Decl. Ex. 2 at 31-33, 38.)  In addition, counsel for LCPI likewise indicated that the Compromise Order did not constitute a

28  good-faith settlement finding.  (Esser Decl. Ex. 2 at 108-09.)

2

1   Because the Plan proposes to exculpate and release LCPI and the First Lien Lenders from "any

2   liability" to any Interest Holder of the Debtors—such as LBREP Lakeside—for "any act taken or

3   omission made" in connection with property to be distributed under the Plan, confirmation could

4   bar LBREP Lakeside from asserting indemnification and contribution claims against LCPI and

5   the First Lien Lenders.  (Esser Decl. Ex. 4 at 47.)

6       Thus, the exculpation and release provision of the Plan is inconsistent with the

7   Compromise Order.  If confirmed in its present form, the Plan may contradict and potentially

8   nullify the reservation of rights sought by LBREP Lakeside at the hearing to consider the

9   Compromise Motion and included by the Court in the Compromise Order.

10      Additionally, as there was no good-faith finding by the Court, the approval of the

11  compromise did not impact LBREP Lakeside's state law contribution and indemnity rights.  *See*

12  *Fed. Sav. and Loan Ins. Corp. v. Butler*, 904 F.2d 505, 512 (9th Cir. 1990) (citing Cal. Civ. Proc.

13  Code Section 877 and stating that any settlement with one of several joint tortfeasors that cuts off

14  rights of contribution by nonsettling tortfeasors must be in good faith).   The release and

15  exculpation provisions in the Plan cannot be allowed to circumvent the Compromise Order.

16      Accordingly, LBREP Lakeside objects to the Plan to the extent the exculpations and

17  releases contained in Section X.D. of the Plan improperly release LBREP Lakeside's potential

18  indemnification and contribution claims against LCPI and the First Lien Lenders.  Unless and

19  until the yet-to-be-filed Confirmation Order expressly includes the reservation of rights set forth

20  in the Compromise Order—or at least explicitly clarifies that the Plan's exculpation and release

21  provisions do not contradict or supersede the Compromise Order's reservation of rights on this

22  issue—the Plan should not be confirmed.

23                          **Reservation of Rights**

24      Because the Confirmation Order and other material documents in support of confirmation

25  have not yet been filed, LBREP Lakeside expressly reserves its right to amend, modify, or

26  supplement this Limited Objection prior to the hearing on confirmation of the Plan, to introduce

27  evidence supporting this Limited Objection, to be heard at a hearing with respect to this Limited

28  Objection, and to file additional and/or supplemental objections.  Moreover, any failure to object

3

1    herein to any provision set forth in the Plan, or the omission of any provision from the Plan, shall

2    not be deemed an acceptance thereof.

3

4    Dated: February 18, 2011                    Respectfully submitted,

5                                                Kirkland & Ellis LLP

6                                                By: *s/Christopher W. Keegan*
                                                 Mark E. McKane
7                                                Christopher W. Keegan

8                                                Attorneys for
                                                 LBREP Lakeside SC Master I, LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
555 California Street, San Francisco, CA 94104

A true and correct copy of the foregoing document described as ***LIMITED OBJECTION OF LBREP LAKESIDE SC MASTER I, LLC TO THE FIRST AMENDED CHAPTER 11 PLAN*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ***February 18, 2011***, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On ***Fill in Date Document is Filed,*** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***February 18, 2011,*** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

The Hon. Erithe Smith
United States Bankruptcy Court
411 West Fourth Street
Santa Ana, CA 92701

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 18, 2011   Adrienne J. Levin | /s/ *Adrienne J. Levin* |
|---|---|
| Date                     Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                          **F 9013-3.1.PROOF.SERVICE**

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

Joey R Abramson on behalf of Interested Party Genesis Golf Builders, Inc
jralaw1@pacbell.net

Thomas Scott Belden on behalf of Counter-Defendant Superior Pipelines Inc
sbelden@kleinlaw.com, ecf@kleinlaw.com

Jeffrey W Broker on behalf of Creditor Bond Safeguard Insurance Co
jbroker@brokerlaw.biz

Joseph P Buchman on behalf of Interested Party Courtesy NEF
jbuchman@bwslaw.com

Kathleen A Cashman-Kramer on behalf of Creditor Fidelity National Title Insurance Company
kcashman@psdslaw.com

Cathrine M Castaldi on behalf of Interested Party Courtesy NEF
ccastaldi@rusmiliband.com

Tara Castro Narayanan on behalf of Creditor Fidelity National Title Insurance Company
tara.narayanan@msrlegal.com

Scott C Clarkson on behalf of Attorney Clarkson, Gore and Marsella, APLC
sclarkson@lawcgm.com

Geoffrey Crisp on behalf of Creditor Park West Landscape, Inc
geoffrey@smgarberlaw.com, michelle@smgarberlaw.com

Jonathan S Dabbieri on behalf of Interested Party Courtesy NEF
dabbieri@sullivan.com, hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com

Terrence T Egland on behalf of Counter-Defendant Superior Pipelines Inc
ecf@kleinlaw.com

Lei Lei Wang Ekvall on behalf of Trustee Alfred Siegel (TR)
lekvall@wgllp.com

Marc C Forsythe on behalf of Attorney Robert Goe
kmurphy@goeforlaw.com

Heather Fowler on behalf of Interested Party Oak Valley Partners
heather.fowler@lw.com, colleen.rico@lw.com

Steven M Garber on behalf of Creditor Park West Landscape, Inc
steve@smgarberlaw.com

Robert P Goe on behalf of Attorney Robert Goe
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com

Marshall F Goldberg on behalf of Creditor GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation
mgoldberg@glassgoldberg.com

Kelly C Griffith on behalf of Interested Party Courtesy NEF
bkemail@harrisbeach.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Michael J Hauser on behalf of U.S. Trustee United States Trustee (SA)
michael.hauser@usdoj.gov

Gil Hopenstand on behalf of Creditor Committee Official Committee of Unsecured Creditors
gh@lnbrb.com

Christopher W Keegan on behalf of Creditor LBREP Lakeside SC Master I LLC
ckeegan@kirkland.com, gdupre@kirkland.com;alevin@kirkland.com

Yale K Kim on behalf of Creditor Lehman Commercial Paper Inc.
ykim@allenmatkins.com

Kerri A Lyman on behalf of Attorney Irell & Manella
klyman@irell.com

John T Madden on behalf of Trustee Alfred Siegel (TR)
jmadden@wgllp.com

Eve A Marsella on behalf of Debtor LBREP/L-SunCal Master I LLC
emarsella@lawcgm.com

Robert S Marticello on behalf of Interested Party Courtesy NEF
Rmarticello@wgllp.com

Robert C Martinez on behalf of Creditor TC Construction Company, Inc
rmartinez@mclex.com

Hutchison B Meltzer on behalf of Plaintiff ALFRED SIEGEL
hmeltzer@wgllp.com

Joel S. Miliband on behalf of Creditor RBF CONSULTING
jmiliband@rusmiliband.com

James M Miller on behalf of Defendant SCC Acquisitions Inc.
jmiller@millerbarondess.com

Ramon Naguiat on behalf of Petitioning Creditor Gramercy Warehouse Funding I LLC
rnaguiat@skadden.com

Samuel A Newman on behalf of Interested Party Courtesy NEF
snewman@gibsondunn.com

Kurt Ramlo on behalf of Defendant Gramercy Warehouse Funding I LLC
kurt.ramlo@dlapiper.com, evelyn.rodriguez@dlapiper.com

Craig M Rankin - DECEASED - on behalf of Debtor LBREP/L-SunCal Master I LLC
cmr@lnbrb.com

Daniel H Reiss on behalf of Creditor Committee Official Committee of Unsecured Creditors
dhr@lnbrb.com

Todd C. Ringstad on behalf of Interested Party Courtesy NEF
becky@ringstadlaw.com

Martha E Romero on behalf of Creditor Riverside County Treasurer-Tax
Romero@mromerolawfirm.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                   **F 9013-3.1.PROOF.SERVICE**

Ronald Rus on behalf of Creditor SunCal Management, LLC
rrus@rusmiliband.com

Mark C Schnitzer on behalf of Creditor Fenceworks, Inc.
mschnitzer@rhlaw.com

Alfred H Siegel (TR)
ahstrustee@horwathcal.com, asiegel@ecf.epiqsystems.com

Gerald N Sims on behalf of Creditor Fidelity National Title Insurance Company
jerrys@psdslaw.com, bonniec@psdslaw.com

Evan D Smiley on behalf of Attorney Weiland, Golden, Smiley, Wang Ekvall & Strok LLP
esmiley@wgllp.com

Autumn D Spaeth on behalf of Plaintiff ALFRED SIEGEL
aspaeth@wgllp.com

Derrick Talerico on behalf of Defendant Gramercy Warehouse Funding I LLC
dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com

Andrew Troop on behalf of Interested Party Courtesy NEF
andrew.troop@cwt.com, scott.griffin@cwt.com;jill.kaylor@cwt.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Michael D Warner on behalf of Interested Party First Trust/Highland Capital Floating Rate Income Fund, et al.
echou@warnerstevens.com

David R Zaro on behalf of Creditor Lehman Commercial Paper Inc.
dzaro@allenmatkins.com


**III.  SERVED BY PERSONALSERVICE:**

Robert S. Marticello
Weiland, Golden, Smiley, Wang Ekvall & Strok LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626
**Counsel for Chapter 11 Trustee**

Michael J. Hauser
United States Trustee
411 W. Fourth Street, Suite 9041
Santa Ana, CA 92701
**Office of the United States Trustee**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                    **F 9013-3.1.PROOF.SERVICE**

**III. SERVED BY EMAIL:**

Van C. Durrer II, Esq. - van.durrer@skadden.com
Kimberly Jaimez - kimberly.jaimez@skadden.com
**Counsel for Gramercy Warehouse Funding**

Jessica Fink - jessica.fink#cwt.com
Arthur J. Steinberg - asteinberg@kslaw.com
**Counsel for Lehman Commercial Paper Inc.**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                    **F 9013-3.1.PROOF.SERVICE**